### 5148.    DAVIS v. CITY OF ATLANTA.

HILL, C. J.   The plaintiff in error was convicted by the recorder of the City
of Atlanta of a violation of a municipal ordinance which makes it an
offense to have on hand intoxicating liquors for the purpose of illegal
sale.   The petition for certiorari contained no assignment of error of
law, except the general assignment that the conviction was without
evidence to support it.   There was some evidence to support the finding
of the recorder, and this court will not disturb the judgment of the
superior court in refusing to sanction the petition for certiorari.

*Judgment affirmed.*

DECIDED OCTOBER 28, 1913.

Petition for certiorari; from Fulton superior court—Judge Pen-
dleton.   August 8, 1913.

*Morris Macks,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

---

### 5161.    WIMBERLY v. THE STATE.

POTTLE, J.   A previous verdict of guilty in this case was set aside by this
court, upon the ground that the court erred in certain instructions to
the jury.   12 *Ga. App.* 540 (77 S. E. 879).   Complaint is now made of
several extracts from the charge of the court.   The instructions com-
plained of were free from error.   The questions whether there was a
specific intent to kill, and whether sufficient interval had elapsed be-
tween the shooting and a previous assault, claimed to have been made
by the prosecutor upon the accused, for the voice of reason and humanity
to be heard, were clearly and fully submitted to the jury for their de-
termination.   The charge of the court upon the subject of impeachment
was entirely in harmony with the decisions of the Supreme Court and
of this court on that subject.   The judge clearly drew the distinction
between a successful impeachment of a witness and a mere attack upon
him in an effort to impeach him.   There being no evidence that the
prosecutor was attempting to make any assault upon the accused at the
time the latter shot, it was not erroneous to reject evidence tending
to show that the prosecutor was a man of a violent and turbulent
character.   *Crawley* v. *State,* 137 *Ga.* 777 (74 S. E. 537); *Doyal* v.
*State,* 70 *Ga.* 134.   The verdict was fully authorized by the evidence, and
the punishment received by the accused was richly merited.   No reason
appears for granting a new trial.                    *Judgment affirmed.*

DECIDED OCTOBER 28, 1913.

Indictment for assault with intent to murder; from Houston su-
perior court—Judge Mathews.   July 5, 1913.

*J. C. Smith,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.