28104. JONES *v.* THE STATE.

DECIDED APRIL 12, 1940. REHEARING DENIED JUNE 29, 1940.

*George G. Finch, James LeRoy Finch,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. The evidence for the State discloses that the defendant was operating a hotel in Atlanta; that Lane was clerk and manager for him; and that Brinkley was a bell-boy employed at the hotel. The defendant had been convicted, or had pleaded guilty, of having or selling whisky on three previous occasions, and the hotel bore the reputation as a bootlegging place. The officers raided it, and found two rooms which were occupied by a man named Scott, alias Holland, besides the bed and furniture, two telephones, which were shown to have been contracted for by Scott and which he had contracted for under the same numbers when he lived at two or three other places in the City of Atlanta. While the officers were there six or eight calls were made on the telephones, ordering whisky. In the building was a stairway leading to the basement. The door to this stairway was padlocked. After entering this door the officers found on the landing of the stairs a quantity of unstamped whisky in pint bottles. The defendant, who was in the office of the hotel, was arrested, and the bell-boy Brinkley also was arrested. The arresting officer testified that after he carried Brinkley out to a car in the parking-lot near by, and when no one else was present, Brinkley stated to him, "that he stayed in the basement of the hotel and passed whisky through the crack as it was ordered by some one upstairs; they would call through the crack, and he would pass the amount they ordered through the crack to them; he said he never saw who it was he was passing it to; he didn't know who the whisky belonged to." Objection was offered, that such evidence was hearsay and was not made in the presence of the defendant. The objection was overruled, and the evidence admitted. Error is assigned on this ruling. The solicitor insisted at the time, that, inasmuch as the evidence tended to show a conspiracy between the

defendant and the bell-boy, the statement was admissible. Until this statement of the bell-boy was made, there was no evidence that even suggested the bell-boy's implication in the handling of any whisky. "Unless a conspiracy is shown prima facie, evidence of the acts and declaration of one of the alleged conspirators can only operate against the person whose acts and declarations are proved, if he is on trial; or, if he is not on trial, they are not admissible against the defendants on trial, and should be rejected." *Wall* v. *State,* 153 *Ga.* 309, 317 (112 S. E. 142) ; *Smith* v. *State,* 47 *Ga. App.* 797, 801 (171 S. E. 578). There was no evidence aliunde of any conspiracy between the defendant and the bell-boy, and this evidence was improperly admitted, though it is insisted that it was proper for that reason. In its brief the State insists that it was admissible as a part of the res gestæ, being spontaneous and free from suspicion of afterthought. Words and Phrases gives, among other definitions of res gestæ, "events speaking for themselves through the instinctive words and acts of participants, not the words and acts of participants when narrating events." Judge Nisbet, in *Mitchum* v. *State,* 11 *Ga.* 615, 623, said: "'Declarations as parts of the res gestæ, made at the time of the transaction, are regarded as verbal acts, indicating a present purpose and intention, and are therefore admitted in proof like any other material facts.'"

A statement made to an officer after an arrest, concerning a course of conduct by the person arrested, can hardly be considered as a part of the res gestæ rather than as a narrative of events. We think this ruling was error prejudicial to the defendant in this case. When whisky is found in a private home, the law presumes that by reason of that fact it is in the possession of the head of the family; and a conviction is authorized, if the jury so find, on proof of that circumstance alone. This is true because of the presumption which the law raises. In *Rhoddenberry* v. *State,* 50 *Ga. App.* 378, 380 (178 S. E. 178) the distinction was pointed out that in that case the defendant was operating a *restaurant,* a place of *public entertainment;* in the present case there was a hotel, which was also a place of public entertainment. If the defendant in this case knew the whisky was there in his hotel, he acquiesced in the possession, and is criminally liable. Knowledge on the part of the accused is, however, an indispensable element of a provable

case, and it may be shown by circumstances. It was shown in the present case that the active management and control of the hotel was in charge of Lane. Lane hired and paid Brinkley, although he was acting for the defendant. The evidence tended to show that whatever bootlegging business was being carried on there was done by Scott, a guest in the hotel. Other than the fact that pints of unstamped whisky were found on the stairway leading to the basement, there was no connection of the defendant with the transaction, without the hearsay testimony of Brinkley. He not having been used as a witness, there was no evidence that any employee of the defendant was handling this whisky. The State showed that the numbers of the telephones which were contracted and paid for by Scott, a guest of the hotel, had been used by Scott when he had lived at other locations. If the evidence had clearly warranted the conviction of the defendant, the error in allowing the hearsay testimony might be treated as harmless. Therefore it was error to allow the introduction of this evidence.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

GARDNER, J. The plaintiff in error insists that this court failed to pass on objections to certain testimony introduced in evidence. We do not think that the objections made were meritorious. There was ample evidence of Scott's (the defendant's tenant) connection with whisky sales and transactions in other places, and of the fact that he had retained the same telephone numbers when he had moved his places of business or residence to this hotel. The fact that when the officers raided this new location, and were present, calls were made on these telephones from unknown individuals, ordering liquor sent to them, was clearly admissible in evidence as a circumstance illustrating the purpose for which such telephones were being paid for and used by the defendant's tenant, Scott, and the defendant's connection therewith, if any. The introduction of pleas of guilty to the possession and sale of liquor at other prior times, although some years past, was proper, as these pleas were admissible to show motive, intent, purpose, and the like, or a general plan or scheme, illustrating conduct in the present instance. The evidentiary value of such evidence was for the jury, its force and effect as a matter of common reason being less in proportion to its remoteness. This court will not fix any

738

stated time as to when it ceases to have value, such fact being for the determination of a jury.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*