## 31672. PALMER *v.* THE STATE.

DECIDED OCTOBER 15, 1947.

*Orrin Roberts,* for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

MacINTYRE, P. J. ■ Albert Palmer was indicted for the offense of having, controlling, and possessing alcoholic, distilled, and spirituous liquors on June 30, 1946. The jury returned a verdict of guilty, and the defendant filed a motion for new trial based on the general and two special grounds. This motion was overruled, and the defendant excepted.

In special ground two of his motion for new trial, the defendant contends that the court erred in admitting in evidence an indictment charging the defendant with having, controlling, and possessing prohibited liquor to which the defendant had entered a plea of guilty in 1941. The present charge was alleged to have been committed in 1946.

Under the facts of this case, in order to rebut a defense based upon evidence, which was open to the defendant, the State could introduce other transactions of a similar character which would tend to show the true nature of the transaction in question and support the State's claim that the defendant knowingly had, possessed, and controlled the intoxicating liquor on the occasion charged in the indictment. If the evidence is relevant to the issue on trial, and shows some logical connection, and reveals knowledge, design, or plan, it is not excluded because the act or transaction sought to be introduced in evidence happens to be punishable under our law as a crime. The true question is, not

whether the other transactions were denominated crimes, but whether the evidence is relevant to the issue on trial. *Barnes* v. *State*, 57 *Ga. App.* 183 (194 S. E. 839), and cit.

"The relevancy of the proof of these other transactions does not arise from the fact that they were criminal, but from the fact of their having happened." *Lee* v. *State*, 8 *Ga. App.* 413, 418 (69 S. E. 310).

Five years having separated the transaction of possessing the prohibited liquor under the former indictment, to which the defendant pleaded guilty, from the time of the alleged possession of the prohibited liquor charged in the indictment in the instant case, and there being no connection between them other than that they were transactions of a similar character, the first transaction is so remote and unconnected with the crime here charged that it remains an isolated fact and does not become a matter of substance with the charge on trial which reveals knowledge, plan, or system. The evidence establishing the fact or first transaction was inadmissible. It does not fall within one of the recognized exceptions to the rule that evidence as to an offense other than that charged against the defendant is not admissible. *Fluker* v. *State*, 184 *Ga.* 809 (4) (193 S. E. 749). See, in this connection, 1 Wharton Crim. Evidence, 10th ed., § 31, p. 60; *Reddick* v. *State*, 15 *Ga. App.* 437 (83 S. E. 675); *Johnson* v. *State*, 54 *Ga. App.* 260 (187 S. E. 679). The ruling in the case of *Jones* v. *State*, 62 *Ga. App.* 734 (9 S. E. 2d, 707), will not be extended beyond the particular facts of that case, and if there be any conflict or apparent conflict in that decision and in the decision in the instant case as to this point, the *Jones* case, supra, is overruled to that extent.

■ The charge complained of in special ground one was not error as against the defendant.

■ As the case is being reversed, it is not necessary to pass on the question whether the verdict was authorized by the evidence.

*Judgment reversed. Gardner and Townsend, JJ., concur.*