31805. CHAMBERS *v.* THE STATE.

GARDNER, J. The defendant was convicted in the City Court of Polk County of possessing whisky "upon which the State tax and license fee due the State of Georgia had not been paid." He filed his amended motion for a new trial, which was overruled, and on this judgment he assigns error.

During the progress of the trial the State introduced an accusation which alleged that on November 27, 1946, the defendant was accused of having whisky upon which the State tax and license fee had not been paid, and that on January 3, 1947, the defendant entered a plea of guilty to such accusation. The accusation in the instant case charges him with the illegal possession of whisky on February 27, 1947. When this former accusation and plea of guilty were offered by the State, the defendant objected to their introduction. This objection was overruled. It is contended in the amended motion for a new trial, setting forth these facts, that the introduction of the former accusation and plea was prejudicial to the defendant and requires a reversal. The assignments of error upon the introduction of this testimony are as follows:

"1. Because said document injected into the case a matter not of issue under the said accusation on which the defendant was being tried and that said document did, upon admission, put before the jury a previous plea of guilty by the movant of such character that the jury could reasonably assume and did likely assume the defendant's guilt because of the former conviction when, as a matter of fact, the documentary

evidence was irrelevant and immaterial as an issue in the case at bar. 2. Because the documentary evidence was of such character and nature as to put the defendant's character in issue, when as a matter of fact, the defendant had not placed his own character at issue in the case, and for this reason the jury could conclude, and did likely draw a conclusion from said document that if the defendant had admitted guilt of similar charges at some time in the past his character was of such that he did likely again commit the same or similar offense. 3. Because the documentary evidence was of such nature that the jury could conclude and would likely draw a conclusion that if the defendant had, at any time in the past, engaged in illicit liquor operations he would likely continue to possess non-tax-paid liquor as charged in the accusation on which the defendant was being tried, although the accusation introduced contained a plea of guilt entered by the defendant approximately six months next prior to the trial of the case at bar; and that his character and reputation injected in the case because of the introduction and admission of said accusation and plea was such that the jury could conclude and did likely draw a conclusion that the defendant continued to engage in illicit liquor operations." We feel constrained to hold that the admission of this testimony was erroneous and harmful.

This court held in *Palmer v. State*, 75 *Ga. App.* 789 (44 S. E. 2d, 567), which was a case where some five years had elapsed between the evidence and the previous transaction and the one for which the defendant was on trial, as follows: "If the evidence is relevant to the issue on trial and shows some logical connection, and reveals knowledge, design, or plan, it is not excluded because the act or transaction sought to be introduced in evidence happens to be punishable, under our law as a crime. The true question is not whether the other transactions were denominated crimes, but whether the evidence is relevant to the issue on trial. *Barnes v. State*, 57 *Ga. App.* 183 (194 S. E. 839). The relevancy of the proof of these other transactions does not arise from the fact that they were criminal but from the fact of their having happened." Although the proof of the other transaction in the *Palmer* case, supra, was held by this court to be inadmissible as evidence, due to its remoteness in point of time, nevertheless the lapse of much or little time is not the only controlling factor as to the admissibility of evidence of this character. Proof of other crimes, independent of the offense for which a defendant is on trial, is generally not admissible. See *Nesbit v. State*, 125 *Ga.* 51 (54 S. E. 195). "Proof of other crimes is never admissible (except in cases where the defendant has himself put his character in issue), where its chief or only probative value consists in showing that the defendant is, by reason of his bad character (demonstrated through a criminal career), more likely to have committed the crime than he otherwise would have been. To admit such evidence, it must have relevancy and probative value from some other point of view." *Lee v. State*, 8 *Ga. App.* 413 (2) (69 S. E. 310). The exceptions to this general rule are where proof of other crimes is admitted for the purpose of showing knowledge, or where the crime is committed by the employment of some particular scheme or device or artifice, and the similarity of it with the crime for which the defendant is on trial tends to show identity. *Cawthon v. State*, 119 *Ga.* 395 (46 S. E. 897); *Farmer v. State*, 100 *Ga.* 41 (28 S. E. 26). This case comes within none of these exceptions. The

mere introduction of an accusation with a plea of guilty thereon, embracing the same crime for which a defendant is on trial, without proof of details as to the manner in which previous acts were committed, does not constitute similarity of transactions so connected as to reveal knowledge, plan, or system. In principle, under the facts of the instant case, we see no distinguishing difference between the principle involved in *Palmer* v. *State,* supra, and that in the instant case. Therefore it follows that the court erred in admitting, over objections, the former accusation and plea of guilty of Chambers. For this reason the case must be reversed.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 5, 1947.

*Cecil D. Franklin,* for plaintiff in error.
*J. Brantley Edwards, Solicitor,* contra.