32326. REGISTER v. THE STATE.

DECIDED FEBRUARY 3, 1949.

*Shelby Myrick, Julian Hartridge,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel,* contra.

GARDNER, J. 1. (a) The defendant was tried together with his brother for assault and battery upon John Andris. The brother was found not guilty, the defendant guilty. A motion for a new trial was made and thereafter an amended motion containing nine grounds was duly made and approved. So far as the general grounds are concerned, they are not urged as a reason for reversal. The evidence, although conflicting, sustains the conviction.

(b) The first and second special grounds raise two questions: First, that the court erred in allowing the State ten strikes in the selection of the jury over the objection of counsel for the defendant who moved the court to limit the State to five strikes. The second special ground assigns error because the court overruled and denied the motion of counsel for the defendant to require the State to strike first in the selection of the jury. As to the first ground, this court decided the point there raised adversely to the movant. See *Nobles v. State,* 12 *Ga. App.* 355 (77 S. E. 184). This ground is not meritorious.

As to the second special ground, the assignment of error made therein has also been adjudicated adversely to the movant. *Cobb v. State,* 45 *Ga.* 11, 13: "Under the statute giving the prisoner seven strikes and the State five from a panel of twenty-four, the prisoner has the first and the last two strikes." See also *Nobles v. State,* 127 *Ga.* 212, 216 (56 S. E. 125), to the same effect. Neither of these grounds is meritorious.

(c) The third and fourth special grounds complain that the court erred in permitting, over objection, a witness to testify that Bill Register, a brother of the defendants on trial, said that he (Bill Register) was leaving because he knew what they (meaning his brothers on trial), were going to do and that he, Bill Register, did not care to have any part in it. This was prior to the difficulty of the two defendants and John Andris. We are quite certain that this testimony was not admissible on the principle as being a part of the res gestæ, as the State contends. From the whole record in this case we are not in position to say that it is

cause for reversal for any reason, and since the case is to be reversed on other grounds, we are sure that this will not occur again. We will therefore move on to the other special grounds.

(d) Special ground 5 complains of the conduct of the movant, Sidney Register, with the peace officers, after the fight and after the peace officers had arrived on the scene and when the peace officers were making an investigation of the affair and arresting Sidney Register. He cursed and abused and resisted the officers. While it is true that this conduct on the part of Sidney Register involved a separate offense from that of unlawfully beating John Andris, we are of the opinion, even though we may concede, without deciding, that it was not a part of the res gestæ, it was sufficiently connected with the assault and battery for which Sidney Register was being tried under all the attending circumstances, to be admissible. See 22 C. J. S. 962, § 628. Also, *James* v. *State,* 30 *Ga. App.* 36 (116 S. E. 663). In *Murphy* v. *State,* 70 *Ga. App.* 387 (3) (28 S. E. 2d, 198), this court said: "For the purpose of shedding light on the defendant's state of mind at the time the alleged crime was committed, evidence of his condition, as shown by his acts and conduct, or as shown by any other competent evidence, may be shown both before and after the alleged criminal act, if properly connected up." We think that under the facts of the instant case the conduct and acts of the movant Sidney Register were "properly connected up." The assignment of error on this ground is without merit.

(e) We come next to consider the assignments of error in special grounds 6 and 9. These grounds assign error on substantially the same contentions and concerning the same state of facts. They both go to the admission of documentary evidence of previous convictions of the movant. The court, over objection of counsel for the movant, admitted in evidence the record of the docket of the Police Court of Savannah, wherein it was shown that on April 21, 1941, one R. F. Leonard and the movant, Sidney Register, were fined for disorderly conduct—fighting. Sidney Register was charged with assault and battery on R. F. Leonard. The record showed that both Leonard and Sidney Register were fined $100. No evidentiary facts were introduced whatsoever concerning that difficulty. The court also admitted, over objections, an accusation from the City Court of Savannah against

Sidney Register wherein Register was convicted of the offense of assault and battery upon one Robert Fields on March 6, 1942. To the introduction of these documents counsel for the movant objected as follows: "That the contents of said documents were not in rebuttal of the statement of Sidney W. Register and were irrelevant and immaterial, and further they were not admissible to show the bent of mind of Sidney W. Register or his intention in the case at bar, because these records show that the police court case occurred on April 2, 1941, while the city court case occurred March 6, 1942; the police court record does not show the guilt of one defendant there more than the other, both defendants being fined; it does not show anything against one more than the other; and as to the city court offense and accusation and the conviction thereon, it occurred six years ago, and no fact is here to indicate anything except that he pleaded guilty to assault and battery." The court, in admitting the documents, over objections, made this statement: "I will admit the evidence offered by the State as to previous convictions and at the proper time I shall caution the jury as to its admissibility."

Special ground 9 sets forth the instructions of the court to the jury with reference to the admission of these documents. That excerpt reads: "The State has introduced in evidence a certified copy of the plea of guilty for an assault and battery against Sidney Register in the City Court of Savannah, and the sentence of the Police Court on March 6, 1942, also a certified copy of the sentence of the Police Court in Chatham County, Georgia, against Sidney Register on the 24th day of December, 1941. Of course this evidence is applicable to only one of these defendants, namely, Sidney Register, and should not be considered by the jury as to the guilt or innocence of the other defendant Robert Register. I caution you that this evidence is admissible not to establish the guilt of the defendant Sidney Register of the present charge, but it is admitted for the purpose of indicating motive, bent of mind, intent, or to establish a common scheme or plan of relative offenses." In our opinion the admission of these documents in the instant case requires a reversal. See *Chambers* v. *State*, 76 *Ga. App.* 269, 271 (45 S. E. 2d, 724), wherein the court said: "The mere introduction of an accusation with the plea of guilty thereon, without proof of details as to the manner in which

previous acts were committed, does not constitute similarity of transactions so connected as to reveal knowledge, plan or system." See also *Wright* v. *State,* 76 *Ga. App.* 483 (3) (46 S. E. 2d, 516); *Palmer* v. *State,* 75 *Ga. App.* 789 (44 S. E. 2d, 567). This court also held in *Hunter* v. *State,* 45 *Ga. App.* 512 (165 S. E. 314), that where one was on trial for committing abortion, it could not be shown that several years prior thereto he had committed the same offense upon another woman.

The State relies on numerous decisions to sustain the admission of these documents. In the outset, it is contended by the State that the law is well fixed that evidence of a former crime is admissible *when it tends to establish identity, explain motive, scheme, design or intent, or to show bent of mind.* In several instances the State calls our attention to *Mills* v. *State,* 71 *Ga. App.* 353 (30 S. E. 2d, 824). That was a lottery case involving the scheme and device as to what is generally known as the "numbers game." There is no scheme or device generally in assault and battery in a cocktail lounge that could possibly connect it with assault and battery on different persons five or six years before. There does not seem to be any analogy between the facts of the two cases. And neither is there any analogy between the instant case and the case of *Fitzgerald* v. *State,* 51 *Ga. App.* 636 (181 S. E. 186). In the latter case the defendant was being prosecuted for illegally having whisky. In rebuttal of the contentions of the defendant, that he did not know the contents of a jug which contained whisky, the State was permitted to introduce his previous conviction of illegally dealing in liquor. This was introduced for the purpose of rebutting the defendant's statement that since he had previously dealt in liquor he had knowledge of what was in the jug. The State also cites *Black* v. *State,* 187 *Ga.* 136, 137 (199 S. E. 810); *Greene* v. *State,* 172 *Ga.* 635 (158 S. E. 285). The State cites numerous other cases to sustain its contention. After having read the facts in those cases, as compared to the facts in the instant case, we do not think that they are in conflict with the principle which we hold in the instant case.

The State further contends that remoteness in time of the crime charged in the documents introduced in the instant case would not render the documents inadmissible because of the lapse of time but that such remoteness goes to the credit and weight to

be given the evidence by the jury. To this principle of law we agree. The lapse of much or little time is not the controlling factor as to the admissibility of previous convictions, but it must be relevant and material and admissible whether the crime be committed the day prior to the crime for which the accused is on trial or several years before. Generally, the commission of a distinct and separate crime, whether committed the day before or years before, is not admissible.

The accused contended in his statement that he did not touch John Andris except in an effort to separate his brother Bob and John Andris. The State thus contends that the previous convictions were admissible because this statement on the part of the accused put in evidence that he was a man of peaceable character, and that in rebuttal to this the State was authorized to introduce evidence as to previous convictions. The statement of the defendant properly construed was merely to the effect that he did not assault and beat John Andris. It did not go to the extent of putting his character in issue. The evidence of the previous conviction was erroneously admitted, and requires the grant of a new trial.

(f) The remaining special grounds, 7 and 8, assign error because the court admitted, over objection of the accused, evidence of the good character of John Andris, the prosecutor, as being a peaceful man of good reputation. We think this was error for the reason that the record does not show that the good reputation of Andris for peacefulness had been attacked. We think the true rule to be that the State could not introduce evidence as to the good character of John Andris for peacefulness until his character had been attacked. See in this connection *Wimberly* v. *State,* 13 *Ga. App.* 671 (79 S. E. 767); *Worley* v. *State,* 138 *Ga.* 336 (75 S. E. 240). The court erred in admitting this testimony. While it was error to admit the testimony, and it should not be admitted in the event of another trial, we are not passing an opinion, however, that in all cases, or even in this case, the erroneous admission of such testimony would require a reversal. That would depend upon all the facts and circumstances of a particular case.

The court erred in overruling the motion for a new trial.

*Judgment reversed.* *MacIntyre, P. J., and Townsend, J., concur.*