### 33678. MARSH *v*. THE STATE.

GARDNER, J. 1. This case involves the theft of an automobile. The general grounds are not insisted upon for a reversal.

Substantially, the material facts involved concern theft, and are that the automobile in question was left at a theater in Swainsboro, Georgia, by the occupants while they attended a picture show. While thus parked, the defendant, his brother-in-law, and sister entered the car and the car was moved about four blocks without the lights being turned on. Apparently it rolled these four blocks without the assistance of the motor. It came to a stop near the residence of a witness for the State, who testified that as he entered his driveway he saw the car at a standstill near his dwelling house. The witness put up his car and approached the parties who occupied the stolen car. He inquired of them if they were broken down, and they responded that they were waiting for a party. In about three minutes the occupants of the stolen car left the car and walked across the street. The witness reported the above facts to the police officers the next day. The party who parked the car at the theater discovered, after the show, that his car was gone, and the officers and the person in charge of the car at the theater parking lot searched for the car without finding it the night it disappeared. The stolen car was parked near the theater and with *good* lights and brakes available. The police officers procured the assistance of the State G. B. I. When the defendant was approached concerning the car he denied any knowledge of it. Later he admitted getting into a car to rest because he was intoxicated. On further questioning by the officers, he stated that he got in the car because he thought it belonged to a lady who lived in the country. At the trial, the defendant stated that because of his intoxicated condition he did not remember what happened on the night the car was moved from where it was parked at the theater, and that he had no intention of stealing the car.

The State introduced two prior indictments wherein the defendant had pleaded guilty to the theft of automobiles in the years 1935 and 1946. The sheriff testified that the defendant in the instant case was the same person named in the prior indictments to which reference was made. Upon the State offering these prior convictions of the defendant, the defendant objected to each of them on the ground that each charged the defendant with the commission of a "distinct, independent, and separate offense not connected with the crime involved in the present

proceedings, and it placed the defendant's character in issue before the defendant had done so; that it was immaterial, irrelevant, and highly prejudicial, and that such evidence of a previous crime did not illustrate any motive or intent on the part of the defendant to commit the crime set out in the present proceedings"; and that the introduction of such evidence was prejudicial, and harmful, and hurtful to the defendant, and was cause for a new trial. The above assignments of error are contained in the first three special grounds. The other special ground assigns error on the charge of the court regarding the admissibility of the prior indictments. That charge is as follows: "that prior convictions of larceny, if offered as evidence, [are] admissible for the purpose of showing intent, and for no other purpose. If such evidence is offered in this case, the court instructs the jury they will not consider such evidence for any other purpose, solely for the purpose of shedding light upon intent."

2. (a) Able counsel for the defendant correctly states that the instant case stands or falls on the question of the admissibility of the two prior indictments. The assignments of error surrounding the admissibility of such indictments are argued together. We will deal with them together. Counsel cites, in support of his contentions for reversal, the cases of *Robinson* v. *State,* 62 *Ga. App.* 355 (7 S. E. 2d, 758), and citations therein; *Palmer* v. *State,* 75 *Ga. App.* 789 (44 S. E. 2d, 567); *Chambers* v. *State,* 76 *Ga. App.* 269 (45 S. E. 2d, 724). The facts in the cases above cited distinguish those cases from the instant case.

(b) One of the exceptions to the general rule of the admissibility of prior convictions is to illustrate intent. Intent is an essential element to be proven by the State in the trial of larceny. In the instant case, the contention of the defendant is that he had no intention to steal the car. He not only made this statement in the trial of his case, but made such statement to the officers prior thereto. There is a long line of decisions to the effect that in a proper case it is not reversible error to introduce prior convictions of similar offenses where, under all the facts of the case, such prior convictions illustrated intent or any other of the exceptions to the general rule. We do not deem it necessary to cite all of them. It is sufficient to call attention to the case of *Ray* v. *State,* 28 *Ga. App.* 758 (113 S. E. 105), and cases therein cited, although there are many others. In that case this court held: "it was not error to admit in evidence against the accused in this case, who was being tried on an indictment for larceny of an automobile, an indictment charging him with a similar offense and upon which he had been convicted, the purpose for which it could be considered being properly restricted by the judge in his charge to the jury."

This brings us to the final phase of this discussion regarding the charge of the court upon which error is assigned. The court properly restricted the consideration of these prior convictions to the question of the intent to steal on the part of the defendant. The charge was correct under the facts of this case. No error appears from the assignments of error upon any of the special grounds.

The court did not err in overruling the defendant's amended motion for a new trial.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided October 3, 1951.

*Rountree & Rountree,* for plaintiff in error.
*W. H. Lanier, Solicitor-General,* contra.