### 33711. POWELL *v.* THE STATE.

GARDNER, J. (*a*) The defendant was convicted in the Criminal Court of Fulton County for the offense of simple larceny in stealing a lady's white pocketbook. In due course the defendant made application for certiorari to the Superior Court of Fulton County. The application was granted, but on hearing, the certiorari was overruled and denied. Error is assigned on this judgment. The assignments of error involved are four: (1) In not granting a continuance on motion of the accused before pleading to the merits in the trial court; (2) in admitting evidence over objection of the defendant relating to a prior transaction; (3) in admitting in evidence, over objection of the defendant, the accusation, plea of not guilty, conviction and sentence in the prior transaction; (4) on the general grounds because the evidence is insufficient in law to sustain the verdict.

(*b*) Briefly but substantially we relate the material evidence necessary for a discussion of the issues involved in the main case. The defendant, in 1949, entered the Roxy Theater in Fulton County. The manager, J. E. Scott, observed the defendant moving about the theater for about 45 minutes. The defendant moved from one seat to another, moving about 20 times during that period of time. Each time he would seat himself behind a lady patron of the theater. The defendant would push up the seat beside the lady with his foot each time he sat down. On the 20th time the manager noticed that a lady's white pocketbook fell to the floor. The defendant, with his foot, pushed the pocketbook to three or four seats from the one from which it fell. The defendant sat down near the pocketbook, dropped his handkerchief, and on a pretense of recovering the handkerchief, he picked up the handkerchief and the pocketbook and started toward the exit of the theater. The manager, who was in the loge, hastened to the front of the theater and came facing the defendant as the defendant was leaving. The defendant dispossessed himself of the pocketbook and took a seat a short distance away. The manager sent an usher for a peace officer, who was in the lobby of the theater. The officer took charge of the defendant, and the manager recovered the pocketbook and returned it to the patron owner.

(c) The first accusation drawn concerning the transaction described the pocketbook as a black pocketbook. Before arraignment of the defendant, another accusation was drawn correctly describing the stolen property as a white pocketbook, whereupon the defendant moved for a continuance on the ground of surprise. The court overruled this motion for continuance. Thus enters into the case the ground for the first assignment of error. A motion for a continuance is addressed to the sound discretion of the court and its judgment will not be disturbed unless manifestly abused. Without citing the numerous decisions to this effect we will rest the question on this issue by calling attention to Code (Ann.), § 81-1419, and the many annotations compiled under the catchwords "abuse" and "discretion." And also, see cases cited in Georgia Digest, "Criminal Law," Key number 1151. There is no merit in this assignment of error under all the facts of this case.

(d) This brings us to the second assignment of error relating to the admission of testimony regarding a prior transaction in the year 1945. As to this, the record reveals that J. E. Scott on that occasion observed that the defendant was conducting himself about the theater in the same manner as he did on the occasion for which he was being tried in the instant case. On the prior occasion he moved from one seat to another 12 times, seating himself behind a lady each time, pushing the seat upward until finally he caused a patron's pocketbook to slide to the floor, and he asported the pocketbook. For that prior transaction, he was accused, tried and convicted in the same court. Counsel for the defendant interposed objection to the introduction of this evidence as to the prior transaction on the ground that it was incompetent, prejudicial, and put the defendant's character in issue when he had not done so, and the evidence showed that the prior transaction was too remote and for this reason inadmissible. The court overruled the objection and admitted the evidence, stating at the time that the evidence was being admitted under the exceptions to the general rule solely for the purpose of illustrating intent, motive, method and scheme and identity of the defendant. The court so charged the jury. There are many decisions upholding the trial court in the admission of this testimony for the purpose for which it was admitted. See *Carrigan* v. *State*, 206 *Ga.* 707 (4, 5) (58 S. E. 2d, 407); *Biegun* v. *State*, 206 *Ga.* 618 (58 S. E. 2d, 149), and cases cited therein. See also *Marsh* v. *State*, 84 *Ga. App.* 645 (67 S. E. 2d, 163).

(e) We come next to a discussion of the third contention of the defendant: Did the court err in admitting, over objection, the accusation, plea of not guilty, and verdict in the proceedings concerning the prior conviction? On the same reasoning and authority for admitting the evidence in the preceding division of this opinion, the court likewise did not err in admitting in evidence the record relating to the prior conviction.

(f) In conclusion, we will not discuss whether or not the evidence is sufficient to sustain the verdict on the general grounds, except to say that, as we have set out above, it speaks for itself as being overwhelmingly sufficient.

The court did not err in its judgment on the certiorari for any of the reasons assigned.

210

*Judgment affirmed. MacIntyre, P.J., concurs. Townsend, J., concurs in the judgment.*

Decided December 5, 1951. Rehearing denied December 19, 1951.

*C. G. Battle,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Charlie O. Murphy, R. M. George,* contra.