## 20037. SCOTT *v.* THE STATE.

SUBMITTED APRIL 15, 1958—DECIDED MAY 7, 1958.

*James R. Venable,* for plaintiff in error.
*Richard Bell, Solicitor-General, E. T. Hendon, Jr., Assistant Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.

ALMAND, Justice. Lois Turner Scott, upon an indictment charging her with the murder of her husband, James Scott, by shooting him with a pistol, was on her trial found guilty of

murder with a recommendation of mercy and was sentenced to life imprisonment. Her amended motion for a new trial being denied, she seeks a review of this judgment.

■ Special grounds four and five will be considered together. Over objections of counsel for the defendant that the answers to the questions propounded to Lucille Houston, a witness for the State, would place the character of the defendant in issue, the witness was allowed to answer the following questions: "Do you know whether or not James Scott and Lois Scott had had any trouble over W. E. Brannen before?" and "You had seen who together?" The witness answered in the affirmative to the first question, and to the second answered that she had seen Lois and Brannen together, and that James Scott and the defendant were at their house when they were fighting over Brannen. The defendant thereupon moved for a mistrial on the ground that this testimony was highly prejudicial and asked that counsel for the State be reprimanded.

The court did not err in denying these motions. The murder took place on the premises of Lucille Houston, who, previous to the question objected to, had testified without objection that, just before the defendant shot the deceased, the defendant and the deceased had engaged in an argument over the bringing by the deceased of whisky into the home of the witness. She testified that the defendant said to the deceased that, if he could bring whisky into Lucille's house, W. E. Brannen could bring whisky into her house. The sole argument between the deceased and the defendant immediately preceding the shooting was over the deceased bringing whisky into the Houston home, part of the argument involving the prior relationship between the defendant and Brannen as to Brannen's bringing whisky to the deceased's house. Evidence of such prior acts was relevant as shedding light on the occurrence resulting in the homicide, and as illustrating the motive of the defendant, and the court did not err in admitting the same and refusing to declare a mistrial. *Coleman* v. *State*, 141 *Ga.* 737(3) (82 S. E. 227); *Shaw* v. *State*, 60 *Ga.* 246.

■ The sixth ground of the amended motion for a new trial complains that the court erred in refusing to declare a mistrial

when a witness for the State stated that she had seen the defendant "shoot at" the deceased "about ten years ago." The court, though refusing to grant the motion, ruled out the evidence, instructed the jury not to consider any of the testimony of the witness, and instructed the solicitor that his question was improper. In view of these instructions, the refusal to declare a mistrial was not error. *Brown* v. *State*, 148 *Ga.* 264, 266 (96 S. E. 435).

■ The evidence of the State makes out a case of murder. The defendant offered no evidence. Her statement makes out a case of justifiable homicide. The verdict of the jury finding her guilty of murder is fully supported by the evidence, and it was therefore not error to deny the defendant's motion for a new trial as amended.

*Judgment affirmed. All the Justices concur.*