### 37324. KELLEY v. THE STATE.

DECIDED OCTOBER 14, 1958.

*William Hall, Paul T. O'Connor,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank S. French, Eugene L. Tiller,* contra.

TOWNSEND, Judge. ■ Error is assigned in the first special ground of the amended motion for new trial on the denial of the defendant's motion for a mistrial made upon the following statement of counsel for the State in his opening argument: "I expect to prove that Milton Kelley, the defendant in this case, was an insanely jealous lover and mistreated her on numerous occasions," referring to the prosecutrix, Donna Maxine Armstrong. Proper proof tending to show jealousy as the motive for a

homicide or attempted homicide is legitimate, and the State on this occasion did prove several instances in which this defendant had flown into a jealous rage with the prosecutrix shortly before the assault in question, on one of which he had attempted to perpetrate the same offense by throwing her over the bannister. Accordingly, the opening statement objected to was not improper.

■ Special ground 2 complains that an objection to the following testimony on the part of a witness for the State on the ground that it was irrelevant, sought to prove a separate criminal transaction, and illegally placed the defendant's character in issue, was erroneously overruled. "About three months prior to the date of the offense charged in the indictment, defendant and Donna Maxine Armstrong were leaving Camellia Gardens; they bid the witness goodnight; as Miss Armstrong turned to go out the door there was a man in back of her and she turned around and smiled to the gentleman and said, 'I'm sorry, I beg your pardon', and with that Mr. Kelley took the man by the coat, hit him very hard, and he fell over on the table, broke the leg off the table, and also fell over two chairs. After that the defendant and Miss Armstrong left."

Proof of other criminal transactions upon the trial of one charged with an offense against the laws of this State is admissible where it can be shown that there is "some logical connection between the two from which it can be said that proof of the one tends to establish the other" (*Bacon* v. *State,* 209 *Ga.* 261, 71 S. E. 2d 615) or where there is "a connection . . . in the mind of the actor, linking them together for some purpose he intended to accomplish; or it must be necessary to identify the person of the actor, by a connection which shows that he who committed the one must have done the other." (*Lanier* v. *State,* 187 *Ga.* 534, 542, 1 S. E. 2d 406) ; *Cawthon* v. *State,* 119 *Ga.* 395 (4, 5) 46 S. E. 897). Thus where as in *Scott* v. *State,* 214 *Ga.* 154 (103 S. E. 2d 545), evidence tended to show that the defendant, on trial for the murder of her husband, had quarreled with him about another man just prior to the homicide, other evidence that the defendant had dated such third person, was relevant as bearing on the question of the motive for the slaying. Put briefly, where it is shown that A

and B have quarreled over C, the evidence is admissible to show a motive for A to kill B. No such situation arises here. The defendant is accused of attempting to murder the prosecutrix in a jealous quarrel. Evidence that he assaulted a man on an occasion three months previously does not tend to prove that he assaulted the prosecutrix on the night in question. There is insufficient similarity between the occurrences to have probative value in establishing identity through pattern of conduct. All that the two episodes, placed side by side, show is that the defendant had a violent temper. Evidence of prior assaults on other persons is ordinarily inadmissible. *Register* v. *State,* 78 *Ga. App.* 549 (51 S. E. 2d 594). Nothing links these two episodes in the mind of the actor, as, for example, if the man assaulted on the prior occasion had been the subject of the argument on the subsequent occasion. The evidence objected to proves but one thing—that the defendant was of a violent disposition—and it is for that very reason inadmissible as placing his character in issue, and prejudicial to his rights on this trial. It does not show motive, because nothing links the two occasions so as to make one the reason for the other. Accordingly, the admission of the evidence over proper objection constitutes reversible error.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Felton, C.J., Quillian and Nichols, JJ., concur. Carlisle, J., dissents. Gardner, P. J., joins in the dissent.*

CARLISLE, Judge, dissenting. I dissent from the ruling made in division 2 of the opinion and from the judgment of reversal.

The rule is well established in this State that "on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615). There are, however, certain exceptions to this rule. One of these exceptions is where knowledge, motive, intent, bad faith, or other matters which depend

upon a person's state of mind are involved as a material element in the particular criminal offense for which the defendant is on trial. *Lee v. State,* 8 *Ga. App.* 413 (3) (69 S. E. 310). In such cases where the defendant has engaged in a course of conduct at or about the same time as the act in question, evidence of such other acts, conduct or transactions, is admissible to illustrate the state of mind of the defendant when it can be said that such evidence may reasonably tend to prove such state of mind.

In the instant case, I think that evidence of the transaction objected to as complained of in special ground 2, together with other evidence relating to the defendant's conduct toward the prosecutrix, and his treatment of her in coming to her apartment and creating a disturbance and assaulting her on two or three separate occasions prior to the occasion for which he was indicted, to which evidence no exception has been made for consideration by this court, tended to illustrate the jealous state of the defendant's mind and tended to show motive for the assault on the prosecutrix on the occasion in question. As was said by Judge Powell in *Lee v. State,* 8 *Ga. App.* 413, 417, supra, "Intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature done by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things. The relevancy being patent, and other methods of proof being difficult or inadequate, the weight of expediency is in favor of admitting the proof of these other acts, though they themselves constitute crimes. It is not the fact of their being crimes or of their showing the defendant's bad character that furnishes the probative value essential to their admission in evidence. It is their distinct relevancy to the particular case on trial and the special need for the testimony which justify the admission of the evidence."

I think it can be said that the act of the defendant in assaulting a perfect stranger in a public place under the circumstances

related by the witness, and where the defendant was shown to have said to the stranger, "I will show you whose girl you are talking to," logically and reasonably tended to illustrate the jealous state of the defendant's mind and that it was admissible for this purpose.

I am authorized to say that Gardner, P. J., joins in this dissent.