69277. WEST v. THE STATE.
(324 SE2d 814)

McMurray, Chief Judge.

Defendant was indicted for the offenses of theft by taking (a motor vehicle) and simple battery. Following a trial by jury, a verdict of not guilty was returned upon the simple battery charge. However, defendant was convicted of the offense of theft by taking. A sentence of 20 years was imposed upon defendant and he appeals. In his sole enumeration of error, defendant contends the trial court erred in admitting evidence of a prior criminal act.

A review of the record reveals that on January 10, 1984, defendant took an automobile out of a parking garage in downtown Atlanta. The keys had been left in the automobile by the parking lot attendant. Defendant appropriated the vehicle shortly after it had been parked in the garage and was apprehended by the police about fifteen minutes later.

Defendant was employed previously by the company which operated the parking garage. Nevertheless, defendant did not have permission to take the automobile from the garage.

At the trial, defendant testified in his own behalf. He averred he had had a dispute with his former employer concerning the amount of wages he was due; that the employer refused to pay him what he was owed; that he took the car "just for that purpose, to obtain the money they owed me"; that he had no intention of keeping the car; and that he intended to telephone the employer to let it know he had taken the automobile.

The State introduced evidence that on February 6, 1979, defendant was caught driving another automobile which had been stolen from a parking lot three days earlier. It appeared that the keys also had been left in that automobile and that the thief entered the parking lot at night and drove the car off the lot. The parking lot attendant was unable to identify the perpetrator of that automobile theft, but the arresting officer identified the defendant as the individual who had been driving the stolen car.

Defendant objected to the evidence concerning the prior criminal conduct. Nevertheless, the trial court allowed the evidence to be presented to the jury. In so doing, the court cautioned the jury that the evidence was admitted solely for the purpose of showing defen-

dant's state of mind, or to show his intent to commit the offense charged, or to establish the identity of the defendant as the alleged perpetrator. *Held*:

" ' "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." [Cit.]' Thus, before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.]" *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515).

We think the evidence presented at trial satisfied the above requirements. Circumstantial evidence may be employed to establish a prior similar offense. *Allanson v. State*, 235 Ga. 584 (1) (221 SE2d 3). Whether the circumstantial evidence was enough to show defendant to be the perpetrator of the other automobile theft was a matter for the jury to decide. *Smith v. State*, 154 Ga. App. 497, 499 (1) (268 SE2d 714); *Baxter v. State*, 160 Ga. App. 181, 184 (2) (286 SE2d 460).

As to the similarity of the incidents, we find that they were "sufficiently similar" for purposes of admissibility. *Millwood v. State*, 164 Ga. App. 699, 701 (1) (296 SE2d 239). In each instance, an automobile was driven off an attendant-operated parking lot; and, in each instance, the keys were left in the automobile. We think the evidence of the prior incident was admissible, therefore, to show intent. "Intent is an essential element to be proven by the State in the trial of larceny. In the instant case, the contention of the defendant is that he had no intention to steal the car. He not only made this statement in the trial of his case, but made such statement to the officers prior thereto. There is a long line of decisions to the effect that in a proper case it is not reversible error to introduce prior convictions of similar offenses where, under all the facts of the case, such prior convictions illustrated intent or any other of the exceptions to the general rule." *Marsh v. State*, 84 Ga. App. 645, 646 (2 (b)) (67 SE2d 163).

We recognize that "lapse of time is one of the more important factors to weigh in considering the admissibility of the evidence in question [although] it is not wholly determinative." *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656). The fact that the prior incident occurred nearly five years before the crime involved in the case sub judice, however, does not render the evidence inadmissible to show the intent of the defendant. *Hart v. State*, 149 Ga. App. 785 (2)

(256 SE2d 127). See, e.g., *Marsh v. State*, 84 Ga. App. 645, supra, wherein 1935 and 1946 automobile thefts were deemed admissible in a subsequent prosecution for a similar crime.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided December 4, 1984.

*Kenneth R. Croy*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Thomas W. Hayes, Assistant District Attorneys*, for appellee.