HARRIS, administrator, *v.* BROCK *et al.*

ATKINSON, J. 1. Where a person other than the widow of the decedent was the administrator upon the latter's estate, and was duly notified of an application for dower, and the creditors of the estate failed to enter a traverse to the return of the commissioners which assigned dower, and the return, without objection of any kind, was made the final judgment of the superior court, the creditors (in the absence of actual fraud upon the part of or collusion between the widow and administrator) were bound by such judgment, whether they had notice of its rendition or not. *Williamson* v. *McLeod*, 64 *Ga.* 762; *Fussell* v. *Short*, 96 *Ga.* 524 (23 S. E. 506).

8

(*a*)  The fact that the administrator was the son of the intestate and the widow, and that he knew, previously to the return of the commissioners being made the judgment of the superior court, that the intestate had executed a security deed to the land out of which the dower was assigned, and made no objection to the return being made the judgment of the superior court on that ground, did not amount to such actual fraud or collusion between the administrator and the widow as would authorize the creditors to attack such judgment after its rendition.

2.  Where the holder of such security deed, subsequently to the making of the return of the commissioners setting apart dower the judgment of the superior court, obtained a judgment against the administrator for the recovery of the land in which dower had been assigned, and the administrator, in pursuance of the decree of the court in such action against him, obtained a quitclaim deed to such land from the holder of the security deed upon payment to him by the administrator of the debt secured by such deed, the administrator did not thereby become liable to the creditors of the intestate for the rental value of the lands assigned as dower.

3.  Error was assigned upon the overruling and dismissal of certain exceptions to an auditor's report; and there being enough in the bill of exceptions to enable this court to ascertain the real questions in the case which the plaintiff in error seeks to have decided, the motion to dismiss the writ of error is overruled.  Civil Code, § 6183.

*Judgment affirmed.  All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*

NOVEMBER 15, 1911.

Exceptions to auditor's report.  Before Judge Brand.  Jackson superior court.  August 30, 1910.

*W. W. Stark,* for plaintiff.

*Ray & Ray* and *J. S. Ayers,* for defendants.