## CENTRAL OF GEORGIA RAILWAY CO. v. STEPHENS.

1. The allegations of the petition set out a cause of action; and the uncontradicted evidence being in support thereof, the trial court did not err in directing a verdict for the plaintiff.

2. The evidence excluded by the court, as set out in the second division of the opinion, was immaterial, and was properly rejected.

3. A rule of the railroad commission of the State, which provides that "All special rates made by any company for any service to be rendered shall first be submitted to and approved by the commission before being put into effect," was not admissible in evidence on the trial of a case against a railroad company for the recovery of a penalty alleged to have been incurred, under § 2752 et seq. of the Civil Code, by reason of the collection of a rate in excess of that prescribed by the railroad commission, it not appearing that the rule was applicable, or in effect at the time of the trial. But even if such rule is immaterial on the trial of such a case, its introduction will not work a reversal under the facts in this case.

FEBRUARY 19, 1914. REHEARING DENIED FEBRUARY 28, 1914.

Action for penalty. Before Judge Freeman. Carroll superior court. October 9, 1912.

*Hall & Cleveland, J. E. Hall, R. D. Jackson,* and *L. P. Goodrich,* for plaintiff in error.

*Watkins & Latimer* and *S. Holderness,* contra.

HILL, J. 1. Stephens brought his suit against the Central of Georgia Railway Company to recover the penalty provided by § 2755 of the Civil Code of 1910. This court, when the case was here before, held that the petition set out a cause of action. *Stephens* v. *Central of Ga. Ry. Co.,* 138 *Ga.* 625 (75 S. E. 1041, 42 L. R. A. (N. S.) 541, 30 Ann. Cas. (1913E), 609), where all of the material allegations of the petition are set out. On the last trial of the case the presiding judge, under the evidence, directed a verdict in favor of the plaintiff. To this ruling the plaintiff in error filed its bill of exceptions. The evidence was in substantial accord with the allegations as laid in the petition; and no evidence being offered by the defendant, the court did not err in directing a verdict for the plaintiff.

2. Complaint is made that the trial judge ruled out as immaterial, on cross-examination, the following question asked one of plaintiff's witnesses, and his answer, to wit: "What do you think would be a reasonable rate to transport across the city of Newnan, three fourths of a mile, from the Central of Georgia depot to the Atlanta & West Point depot, 150 pounds of baggage?" It is in-

sisted that the ticket purchased by the plaintiff included the rate fixed by the railroad commission, plus 15 cents, not specifically fixed by the commission, but which was a reasonable charge for the transportation of passenger's baggage from the depot of the defendant company to the depot of its connection, the Atlanta & West Point Railroad, the distance between the two depots being about three fourths of a mile. The record shows that there is actual physical connection between the defendant railroad and its connection, the Atlanta & West Point Railroad, and that passengers on the one road can change cars and board the other at the junction point. The purpose of the evidence, it is argued, was to show that inasmuch as a first-class passenger has the right to have transported and checked through from the point of origin to the point of destination 150 pounds of baggage, and as the plaintiff's testimony showed that for a ticket from Whitesburg to Atlanta via Newnan, over the Central of Georgia Railway and the Atlanta & West Point Railroad, there was made and collected, at the time plaintiff bought his ticket at the initial point, an excess charge of 15 cents, the defendant company had the right to make this proof in explanation of why the 15 cents extra charge was added to the sum of the two locals. We think the court properly excluded the evidence as immaterial. Regardless of why the defendant company had added this extra charge of 15 cents, if it was in excess of the rate provided by the railroad commission, and was without the approval of the commission, it was an unlawful rate, and any evidence in explanation of why it was added to the prescribed rate was immaterial. The evidence as to the maximum rate fixed by the railroad commission between the initial point and the point of destination of the passenger showing that the correct rate was 15 cents less than that charged, any evidence tending to show why it was charged was properly excluded.

3. Exception is taken to the ruling of the trial judge in allowing the plaintiff to put in evidence on the trial, over objection of defendant's counsel, rule 5 of the railroad commission, as shown by the report of the railroad commission which was produced in court, dated 1910, and accompanied by a communication from the railroad commission to the Governor of the State, dated April 1, 1911. The rule objected to was as follows: "All special rates made by any company for any service to be rendered shall first be sub-

mitted to and approved by the commission before being put into effect." It is contended that it was not shown that the rule was in effect on March 6, 1910, the date of the transaction in question; and further, that the rule was applicable only to a suit for the violation of a rule or an order of the railroad commission, and not to a suit to recover the penalty prescribed by § 2752 et seq. of the Civil Code. The evidence showed that the passenger rates prescribed by the commission, in effect at the time of the purchase of the ticket in March, 1910, were 2 and ½ cents per mile over the Central of Georgia Railway and two cents per mile over the Atlanta & West Point Railroad. There is no contention that the defendant company did not sell the ticket at a price in excess of the rate fixed by the railroad commission of the State; but the defendant seeks to justify itself on the ground that the excess rate was a reasonable charge for the services performed—transferring baggage of its passenger from its depot across the town of Newnan to the depot of its connection, the Atlanta & West Point Railroad. Regardless of whether the rule objected to was proved to be of force on March 6, 1910, and introduced in evidence, the defendant company would be liable for the penalty imposed by the statute, if the rate collected by it was in excess of that prescribed by the railroad commission. *Stephens* v. *Central Ry. Co.,* supra.

The record and evidence disclose the fact that the tracks of the two connecting railroads cross each other at right angles within the town of Newnan, with a "Y" track connecting the two roads, and that the passenger-trains of each road stop at this junction point, where passengers could transfer from the passenger-cars of one road to the other. There was no union depot at the junction point of the two roads at the date of bringing the present suit, but there was a little shed, and the plaintiff had previously transferred there from the cars of the one road to the cars of the other. The depots of the two roads at the date of the purchase of the ticket by the plaintiff in the instant case were about a quarter of a mile each from the junction point of the two roads. Passengers could either go to the junction point on defendant's road, get off, and wait for the train on the Atlanta & West Point Railroad, or get off at the defendant's depot and go across town to the depot of the Atlanta & West Point Railroad and take passage on the latter road there. That is what the plaintiff did in this case. The defendant rendered

the plaintiff no service whatever in transporting him or his baggage from one depot to the other. The defendant had added 15 cents to the price of the ticket the plaintiff purchased of the defendant, over the protest of the plaintiff, for the alleged purpose of transferring his baggage from the depot of the defendant to the depot of the Atlanta & West Point Railroad. But the evidence discloses the fact that the plaintiff had no baggage to transfer, except a small hand-satchel which he carried himself. Assuming that the plaintiff had baggage which was transported by dray from the depot of the one company to the depot of the other, the uncontradicted evidence was that the rate fixed by the railroad commission for passenger tickets over the two roads was 2½ cents on the Central of Georgia Railway and two cents on the Atlanta & West Point Railroad, which included the transportation of 150 pounds of baggage. The two roads being connecting roads, therefore, and the rate for transportation of passengers and their baggage being fixed, the carrier could not charge a higher rate without the permission of the commission. The defendant company could transfer the baggage, if there was any, at the junction point, or, if it preferred, could send it across town to the other depot; but if it chose the latter course, it could not charge a rate higher than that fixed by the railroad commission for the transportation of passengers and baggage on those roads. And it follows that if the defendant company charged a higher rate it is subject to the penalty fixed by the statute; and though the evidence admitted over objection be irrelevant, it will not cause a new trial under the facts of this case.

*Judgment on main bill of exceptions affirmed. Cross-bill dismissed. All the Justices concur.*