## Cox *v.* The State.

Hines, J. 1. When one is on trial charged with the commission of a
crime, proof of a distinct, independent, and separate offense is never
admissible, unless there is some logical connection between the two,
from which it can be said that proof of the one tends to establish the
other. This is the general rule, but there are some exceptions to it; as
when the extraneous crime forms part of the res gestæ; or is one of a
system of mutually dependent crimes; or is evidence of guilty knowl-
edge; or may bear upon the question of the identity of the accused, or
articles connected with the offense; or is evidence of prior attempts by
the accused to commit the same crime upon the victim of the offense
for which he stands charged; or where it tends to prove malice, intent,
motive, or the like, if such an element enters into the offense charged.
Penal Code (1910), § 1019; *Cawthon* v. *State*, 119 *Ga.* 395 (46 S. E.
897).

2. The defendant being on trial for rape alleged to have been committed on
his daughter, a child under the age of fourteen years, it was error for
the court to permit, over objection of the defendant, an elder sister of

Criminal Law, 16 C. J. p. 574, n. 56; p. 586, n. 98; p. 588, n. 8; p.
589, n. 13, 18; p. 590, n. 24, 25; p. 591, n. 33; p. 610, n. 17; 17 C. J.
p. 203, n. 87.

Rape, 33 Cyc. p. 1483, n. 93, 94; p. 1484, n. 5.

10

the girl alleged to have been raped, to testify that the defendant had had frequent acts of intercourse with this witness during the period of time from her eleventh year to her fourteenth year of age, the objection urged by the defendant at the time to the admission of this proof being that it was evidence of a distinct and separate crime from the one on which the defendant was being tried. The admission of this evidence comes within the general rule above stated, and not within any of the exceptions above referred to. *Moose* v. *State*, 145 *Ga.* 361 (89 S. E. 335).

3. As a new trial is granted because of the error dealt with in the foregoing headnotes, it is unnecessary to deal with the assignments of error touching the competency of certain jurors who tried the defendant, upon the ground that they were related to the prosecutor.

*Judgment reversed. All the Justices concur.*

No. 6161.    OCTOBER 15, 1927.

Rape.    Before Judge Reed.    Pierce superior court.    July 11, 1927.

*Eldon L. Bowen* and *H. D. Griffin*, for plaintiff in error.

*George M. Napier, attorney-general, A. B. Spence, solicitor-general*, and *T. R. Gress, assistant attorney-general*, contra.