## 22367. HUNTER *v.* THE STATE.

DECIDED AUGUST 31, 1932.

*S. W. Fariss,* for plaintiff in error.

*M. Neil Andrews,* solicitor-general, *Horace D. Shattuck,* contra.

LUKE, J. J. P. Hunter was charged with committing the offense of abortion on August 8, 1931, in Walker county. The jury returned a verdict of guilty, and the defendant's motion for a new trial being overruled, he excepted.

It appears from special ground 1 that the State offered in evidence a bill of indictment against the defendant for abortion, returned to the February term of Walker superior court, 1925, "with a verdict of guilty on the back of it, and the sentence of the court." The objection interposed when it was offered was that it was entirely irrelevant and immaterial and had no probative value. The court's ruling was as follows: "I will let it in to show the state of mind of the defendant, the question of intent, for the purpose of illustrating this issue, if it does."

"Where one is on trial charged with the commission of a crime, proof of a distinct and independent offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other. To this general rule there are some exceptions; as, when the extraneous crime forms part of the res gestæ; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same offense upon the victim as that for which he stands charged; or where the proof of the extraneous crime tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged." *Wilson* v. *State,* 173 *Ga.* 275 (2), 284 (160 S. E. 319). As sustaining the above rule, the court cited *Cawthorn* v. *State,* 119 *Ga.* 395 (46 S. E. 897) ; *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016) ; *Williams* v. *State,* 152 *Ga.* 521 (110 S. E. 286) ; *Coart* v. *State,* 156 *Ga.* 536 (119 S. E. 723) ; *Booth* v. *State,* 160 *Ga.* 271, 274 (127 S. E. 733). The opinion of the majority of the court in the famous *Frank* case, supra, which is a treatise upon the subject under consideration, quotes with approval the following general rule announced by the Court of Appeals of New York in People *v.* Place, 157 N. Y. 584 (52 N. E. 576) : "It is an elementary principle of law that the commission of one crime is not admissible in evidence upon the trial for another, where its sole purpose is to show that the defendant has been guilty of other crimes, and would, consequently, be more liable to commit the offense charged." We quote also from *Moose* v. *State,* 145 *Ga.* 361 (2) (89 S. E. 335) : "The defendant being on trial for a criminal assault upon his daughter, a child of tender years, the testimony of a witness for the State, an elder

sister of the girl upon whom the alleged assault was made, to the effect that the defendant had threatened the life of the witness during the preceding year, was irrelevant and inadmissible, the threat thus referred to having been made apparently in connection with an assault upon the witness, and relating to the conduct of the defendant in another transaction, and therefore falling within the inhibition contained in the general rule that the conduct of parties in other transactions is irrelevant and inadmissible." This ruling was followed in *Cox* v. *State,* 165 *Ga.* 145 (139 S. E. 861).

In the case at bar the woman testified that the defendant performed an abortion upon her at a certain time and place, while the defendant stated to the jury that, while he was at said place at said time, he positively did not commit the offense charged, and that the woman accused him falsely in order to extort money from him. The indictment in the present case charges the commission of the act on August 8, 1931, while the indictment introduced in evidence was returned at the February term of Walker superior court, 1925, and related to a charge of abortion committed upon a different woman from the one involved in this case. Evidently the extraneous crime was no part of the res gestæ; nor was evidence of it admissible as being "one of a system of mutually dependent crimes." The question of "guilty knowledge," or of "identity," is not involved in this case. The question here is whether or not the defendant committed the offense, and there was no occasion to admit the evidence to show "malice, intent, motive, or the like." Of course, there was no proof to show that the defendant committed the same offense upon the same victim, since the two indictments involved different women. We see nothing in this case to take it from under the general rule stated in *Wilson's* case, supra, and we hold that the court committed reversible error in admitting the evidence.

Three of the remaining special grounds pertain to rulings upon evidence, while one of them complains that the trial judge improperly restricted the defendant's right to make his statement to the jury. None of these grounds presents any question that is novel or difficult, and it is not likely that the same questions will recur upon another trial of the case. Therefore we deem it unnecessary to pass upon said grounds. Of course the general grounds will not be considered.

*Judgment reversed. Hooper, J., concurs. Broyles, C. J., dissents.*

HOOPER, J., concurring specially. Upon the trial of the case evidence of the former conviction of the defendant upon another indictment was objected to by his counsel upon the ground that this evidence was "of no probative value, it is irrelevant entirely, has no connection with this charge; for those reasons it is inadmissible." Question has arisen as to the sufficiency of this assignment of error. The objections offered to this evidence were sufficient, and the ground of the motion for a new trial reciting such objections to its admission is therefore complete. Under section 6183 of the Civil Code of 1910, it is unlawful for this court to disregard assignments of error "where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real issues in the case which the parties seek to have decided therein." This code section is mandatory. *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512, 515 (94 S. E. 892). Where it clearly shows within itself "enough to enable this court to ascertain the questions desired to be decided," the assignment of error is sufficient. *Fitzpatrick* v. *Alford,* 134 *Ga.* 529 (68 S. E. 102) ; *Harris* v. *Brock,* 137 *Ga.* 113 (3) (72 S. E. 947). While § 6183 is not by its terms made expressly applicable to grounds of a motion for a new trial, it nevertheless strongly evidences the spirit and intent of the law that this court should pass upon every exception if the question desired to be decided is manifest.

In the case at bar the conviction of the defendant years before on another indictment was sought to be shown. The objection raised was in part that such evidence was irrelevant. The objection did not urge that the evidence was prejudicial. This court, or any court, will readily take cognizance of the fact that evidence of this nature is prejudicial, and if improperly admitted will require a reversal. See *Booth* v. *State,* 160 *Ga.* 271, 275 (127 S. E. 733), and cit. It is true that in *Manning* v. *State,* 33 *Ga. App.* 610 (9) (127 S. E. 475), this court held that the trial court did not err in admitting certain evidence over the objection that it was "wholly irrelevant, immaterial, and inadmissible," but in that case the evidence was neither prima facie harmful nor did the objection made point out its harmfulness. That decision, and others similarly holding under the particular evidence therein involved, are materially different from the case at bar.

The evidence in this case was objected to as being irrelevant and

as having no conection with the charge involved. To require the trial attorney, when evidence of a prejudicial nature is suddenly offered by the opposite party, to state all respects wherein such evidence is immaterial and irrelevant upon each and all of the issues made by the pleadings and the evidence in the case, not only places upon him an unreasonable task, but would unduly encumber the record. If this court, having in mind all the contentions and issues in the case, finds that the testimony objected to illustrates no issue, it would then of course proceed to the question as to whether the evidence was harmful or prejudicial to the objecting party. This is, in principle, analogous to procedure followed upon exceptions to a portion of the judge's charge—if it is found to be an incorrect statement of law, and "an inspection of the record discloses that it was prejudicial to the complaining party, it will work a reversal of the judgment of the court below." *Binion* v. *Ga. So. & Fla. Ry. Co.,* 118 *Ga.* 282, 285 (45 S. E. 276). It is difficult to lay down a rule or prescribe a form under which such objections could be made other than that the testimony is irrelevant or immaterial, and, where its prejudicial character is not apparent, it should be clearly and plainly pointed out wherein lies the harm. Where, however, as in this case, the proffered evidence is prima facie harmful, it should not be necessary, upon objection thereto, to so state. A casual reading of ground 1 of the motion for a new trial in this case would disclose fully and completely the very vital question "desired to be decided" by defendant's counsel, and we think such question should, in the interest of substantial justice, be decided by this court.

Nothing stated above is in conflict with the well-established and very necessary rule that each ground of a motion for a new trial must be complete and understandable within itself. However, where a ground of the motion must necessarily involve in its scope a consideration of all the issues raised upon the trial of the case, it is certainly not necessary, in order to make such a ground complete and understandable, to embody therein all of the evidence and the pleadings in order to show, without reference to other parts of the record, all the issues made in the case. That would be extending a very necessary rule to an unnecessary and inconvenient extent; it would serve no useful purpose, and by unduly incumbering the record, it would tend to impede rather than to expedite the review

of the case. If the motion should contain a large number of such exceptions, it would also necessitate a repetition in each ground of all the evidence and pleadings, because of the rule that one ground of the motion can not be supplemented by reference to another.

I think the assignment of error in this ground was sufficient.