27962. McMICHEN v. THE STATE.

DECIDED MARCH 9, 1940.

*James R. Venable, Robert F. Morgan, B. J. Dantone,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.

MacINTYRE, J. The defendant was convicted of sodomy, and sentenced to life imprisonment. His motion for new trial was overruled, and he excepted. With reference to the evidence, we deem it sufficient to say that it was sufficient to sustain a conviction of the crime charged. The little girl on whom the crime was committed testified that the defendant committed upon her the crime charged. Conceding but not deciding that she was an accomplice, and it was necessary that her testimony be corroborated, this was sufficiently done.

Grounds 4, 5, 6, 7, and 8 complain of the admission of evidence that the defendant had natural sexual intercourse with the victim on the occasion in question, and of the admission of evidence that on former occasions the defendant committed on the same victim the same kind of crime as charged. The defendant contends that this evidence was inadmissible, highly prejudicial, irrelevant, immaterial, and placed his character in issue. "When one is on trial charged with the commission of a crime, proof of a distinct, independent, and separate offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other." *Cox* v. *State,* 165 *Ga.* 145 (139 S. E. 861). This general rule is not without exceptions, as pointed out in *Cox* v. *State,* supra, *Cawthon* v. *State,* 119 *Ga.* 395 (46 S. E. 897), and 1 Wharton's Criminal Evidence, 59, § 30 et seq. "In offenses involving carnal intercourse of the sexes, including adultery, fornication, seduction, rape, and incest, the exception to the general rule has been most liberally extended, and for a reason peculiar to those crimes" and "so it has been repeatedly held that, upon a trial of a charge of having com-

mitted any of the crimes known as 'sexual offenses,' evidence of prior acts of the same character are admissible, although such prior act is in and of itself a crime." 1 Wharton's Criminal Evidence, 170, § 42. Our Code, §.26-5901, defines sodomy to be the "*carnal knowledge* and connection against the order of nature, by man with man, or in the same unnatural manner with woman." (Italics ours.) It therefore seems that sodomy must come under the classification of "sexual offenses," and the rules of relevancy and admissibility applicable to such crimes are likewise applicable to it. But in all cases where evidence as to the commission of other offenses is admitted, there must be a connection between them and the offense with which the accused is charged. *Alsobrook* v. *State,* 126 *Ga.* 100, 102 (54 S. E. 805) ; *Cawthon* v. *State,* supra.

In *Farmer* v. *State,* 100 *Ga.* 41, 43 (28 S. E. 26), the court said: "While it is a general rule that upon the trial of a person for a criminal offense, other and distinct criminal transactions can not be given in evidence against him, yet, according to the weight of authority, evidence of other representations or transactions may be received, as tending to show motive or intent, when the transactions are so connected in time and so similar in their other relations that the same motive may reasonably. be imputed to all." In *Bates* v. *State,* 18 *Ga. App.* 718 (90 S. E. 481), this court said: "It was competent for the State to prove that at or about the time at which, it was alleged, the crime in question was committed, the accused committed with another a similar crime." See *Wright* v. *State,* 184 *Ga.* 62 (8), 71 (190 S. E. 663). Judge Powell, speaking for this court in *Ray* v. *State,* 4 *Ga. App.* 67, 70 (60 S. E. 816), said: "As a general rule, in the prosecution of a particular crime, evidence tending to show that the defendant has committed other crimes is not admissible; and this is always true if the facts proved do not of themselves tend to illustrate the transaction in issue, or to establish some necessary ingredient of the particular offense under investigation. But where the testimony has a distinct relevancy to the case on trial,.it is not inadmissible merely because it may also tend to show the defendant's connection with some other criminal.transaction." If the other offenses are closely interwoven with the facts of the case on trial, or strongly illustrate motive or intent in that case, it is permissible to admit the testimony, where the jury is properly restricted in 'the consideration to

be given thereto. *McDuffie* v. *State,* 17 *Ga. App.* 342 (5) (86 S. E. 821). See also *Wilson* v. *State,* 173 *Ga.* 275, 284 (160 S. E. 319); *Barnes* v. *State,* 57 *Ga. App.* 183 (194 S. E. 839); *Merritt* v. *State,* 168 *Ga.* 753 (149 S. E. 46); *Bradberry* v. *State,* 170 *Ga.* 859 (2) (154 S. E. 344); *Suber* v. *State,* 176 *Ga.* 525, 531 (168 S. E. 585); *Lipham* v. *State,* 125 *Ga.* 52 (3) (53 S. E. 817, 114 Am. St. R. 181, 5 Ann. Cas. 66); *Nobles* v. *State,* 127 *Ga.* 212 (3) (56 S. E. 125); *Bass* v. *State,* 103 *Ga.* 227, 231 (29 S. E. 966); *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016).

The crime charged in the instant case is a "sexual offense," and the exception to the general rule as to inadmissibility of "other offenses" is, for a reason peculiar to those crimes, liberally extended. The act of sexual intercourse admitted in evidence took place at the same time and was a part of the same transaction with which the defendant was charged. The separate acts were so connected in time and so similar in their relations that motive, intent, and state of mind may reasonably be imputed to both. We are of the opinion that the evidence in question had a distinct relevancy to the case on trial, that the "other offenses" were clearly interwoven and linked with the facts of the crime charged, and that the evidence was admissible to show the lustful disposition of the defendant as well as to corroborate the testimony of the victim as to the act charged; and further, that it was a part of the continuous accomplishment of a fixed and common design. State *v.* Katz, 266 Mo. 493 (181 S. W. 425). The judge properly instructed the jury as to the restricted consideration to be given to this evidence, and these grounds of the motion do not disclose reversible error.

Ground 9 complains of the admission in evidence of three indictments, two charging the defendant with sodomy, the other charging him with attempt to commit sodomy. With each of these indictments was a plea of guilty of attempt to commit sodomy. The grounds of complaint are that the same were inadmissible, incompetent, placed the defendant's character in issue, and were highly prejudicial. This court has ruled adversely to these contentions, in *Lyda* v. *State,* 47 *Ga. App.* 45, 53 (169 S. E. 751). See *Ealey* v. *State,* 40 *Ga. App.* 727 (151 S. E. 400); *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156).

We may reiterate what we said in *LaFray* v. *State,* 48 *Ga. App.* 133, 134 (172 S. E. 115): "Neither this court nor the jury is con-

cerned, as a matter of law, with the penalty fixed by law for cases of this character. It is possible that society may in time to come regard this class of offenses as being more nearly ones for medical attention and physical segregation, but until such a change in the social legislature shall in turn bring its influence to bear upon the General Assembly it becomes the duty of all courts to enforce the law as they find it." The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*