32720. WATERS *v.* THE STATE.

DECIDED DECEMBER 5, 1949.

560

*John F. Brannen, W. G. Neville,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Herman W. Coolidge,* contra.

GARDNER, J. 1. In special ground 1 the State introduced the testimony of police officer Murphy to the effect that the collision happened around eight p. m , and that six hours later he arrested the defendant some distance away and the defendant "was drunk at the time." The defendant objected to this testimony on the ground that it was not part of the res gestae, and took place some six or seven hours after the collision. While this testimony was not admissible as part of the res gestae and was not illustrative of whether or not the defendant was intoxicated at the time of the collision and was driving his automobile under the influence of intoxicating liquor, it was not erroneously admitted under the evidence of this case for any of the reasons assigned. It does not appear from this ground that the admission of this testimony was harmful and prejudicial. *City of Atlanta v. Franklin,* 45 *Ga. App.* 303, 304 (164 S. E. 685). No error requiring a new trial affirmatively appears from this ground. *Doebler v. Waters,* 30 *Ga.* 344, 346. Illegal evidence which is immaterial and not shown to be prejudicial does not require a new trial. See *Williams v. Hamilton,* 30 *Ga.* 968; *Raleigh & Gaston R. Co. v. Bradshaw,* 113 *Ga.* 862 (39 S. E. 555).

2. Special ground 2 assigns error because the court admitted, over objections of the defendant timely and duly made, a plea of guilty which the defendant had entered in the City Court of Statesboro to an accusation charging the defendant with op-

erating a motor vehicle under the influence of intoxicating liquors. This plea was entered on July 10, 1941. In admitting the plea of guilty of the defendant, the court stated that it was admitting such evidence "for the purpose of showing course of conduct and bent of mind of the defendant; this can be considered by you in determining his course of conduct and bent of mind so far as material in this case, but I do not admit it for the purpose of showing that he actually committed the crime charged." This testimony was erroneously admitted. It was too remote, and unconnected with the crime for which the defendant was being tried. It does not fall within one of the recognized exceptions to the rule that evidence as to an offense other than that charged against the defendant is not admissible. There are many decisions to this effect, but we will call attention only to *Palmer* v. *State*, 75 *Ga. App.* 789 (44 S. E. 2d, 567), and cases cited therein. This ground shows reversible error.

3. In the third special ground the defendant assigns error on the failure of the court to charge that "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears that there was no evil design, or intention or culpable neglect." There was no request to charge this principle of law. The charge, as given, covered the issues in the case thoroughly. Under the facts, if the defendant had desired the above principle given in charge, he should have made a timely written request therefor. The court instructed the jury that, before they could find the defendant guilty of any offense, they must find that he was under the influence of whisky and was operating his automobile in that condition when he struck the truck and Mixon was thrown from the car. The defense of accident or misadventure was not directly involved under the evidence, as in the case of *Conoly* v. *State*, 10 *Ga. App.* 822 (74 S. E. 285). The defendant did not defend on this ground, but says that he lost control of his automobile because the deceased struck him. See also *Weaver* v. *State*, 67 *Ga. App.* 692 (21 S. E. 2d, 542), wherein it did not appear, as here, that the unlawful act of the defendant was the operation of his automobile along a public highway of this State while under the influence of intoxicating liquors. Nothing to the contrary of what is now ruled was held in *Tift* v. *State*, 17 *Ga.*

*App.* 663 (6) (88 S. E. 41), and *Patterson* v. *State,* 181 *Ga.* 698 (184 S. E. 309).

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*