### BACON *v.* THE STATE.

No. 17881. SUBMITTED JUNE 9, 1952—DECIDED JULY 14, 1952.

*Joseph B. Cramer*, for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General*, contra.

HAWKINS, Justice. (After stating the foregoing facts.) It is a fundamental principle in our system of jurisprudence, intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial before an unbiased jury, that the general character of the defendant and his conduct in other transactions is irrelevant unless the defendant chooses to put his character in issue. Code, §§ 38-201, 38-202; *Green* v. *State*, 172 *Ga.* 635 (158 S. E. 285); *Hunter* v. *State*, 188 *Ga.* 215 (3 S. E. 2d, 729). It is universally recognized—and by the Court of Appeals in this case (p. 636)—that "The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort*, is irrelevant and inadmissible." (Italics ours.) *Williams* v. *State*, 152 *Ga.* 498, 521 (110 S. E. 286); *Cawthon* v. *State*, 119 *Ga.* 395 (46 S. E. 897); *Frank* v. *State*, 141 *Ga.* 243 (80 S. E. 1016).

In *Cox* v. *State*, 165 *Ga.* 145 (139 S. E. 861), the general rule is stated as follows: "When one is on trial charged with the commission of a crime, proof of a distinct, independent, and separate offense is never admissible, *unless there is some logical connection between the two,* from which it can be said that proof of the one tends to establish the other" (italics ours) ; and this decision then points out certain exceptions to the general rule, among them being when the extraneous crime tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged. It is under this exception to the general rule that the Court of Appeals has held that the six other convictions of the defendant of the crimes of attempt to commit burglary and of burglary were admissible for the purpose of showing an intent to steal on the part of the defendant on the occasion under investigation, since the intent to steal is an essential element of the crime of burglary. For a statement of various exceptions to the general rule and an exhaustive citation of authorities bearing thereon see the dissenting opinion of Judge Townsend in *Hodges* v. *State*, 85 *Ga. App.* 617, 622 (70 S. E. 2d, 48).

We cannot agree with the conclusions reached in the majority opinion of the Court of Appeals in the instant case. While the other offenses shown by the evidence objected to were of the same sort as the one for which the defendant was on trial, this did not render the evidence admissible, for they were wholly independent, separate, and distinct. *Williams* v. *State*, 152 *Ga.* 498 (supra). There was absolutely no logical connection between them and the case on trial, as required by the decision in the *Cox* case, (165 *Ga.* 145), supra, before such evidence would be admissible for the purpose of showing intent. See also *Mims* v. *State*, 207 *Ga.* 118 (60 S. E. 2d, 373) ; *Henderson* v. *State*, 209 *Ga.* 72, 76 (70 S. E. 2d, 713). As pointed out in the dissenting opinion by Judge Townsend (*Bacon* v. *State*, 85 *Ga. App.* 630, 640, supra), criminal intent is an essential element in every crime where criminal negligence is not involved (Code, § 26-201) ; and to hold, as the majority opinion of the Court of Appeals in this case does, that evidence of other offenses is always admissible to show intent, whether or not there be any logical connection between them and the case on trial, would be

to abolish the general rule, and to establish the exception as the general rule without any exception thereto. An intent to steal is not necessarily involved in every crime of burglary, for burglary may be committed by the breaking and entering into certain described buildings with intent to commit a felony. Code, § 26-2401. If evidence of other offenses by the defendant were admissible generally to show intent, then when he is charged with the offense of burglary with intent to commit a felony, any evidence of any other felony committed by the defendant would be admissible for the purpose of showing intent to commit a felony. This, too, would result in abolishing the general rule as to the admission of such evidence, and set up as the general rule what has heretofore been regarded as an exception to the general rule.

While Mr. Chief Justice Russell, in *Green* v. *State,* 172 *Ga.* 635, 640 (supra), pointed out that "the rule that the character of a defendant in a criminal case can not be put in issue or attacked has been gradually chiseled away and finally located in the shadow of other principles, . . and while the principle still lives in theory as a memory of the past, it is of little practical effect in the actual trial of cases," the rule referred to is still in the Code (§ 38-202), and the appellate courts are without power to repeal it or destroy it by chiseling it away, which would be the result if the present decision of the Court of Appeals should stand. The second division of the opinion and judgment of affirmance by the majority of the Court of Appeals as rendered is not only in conflict with the decisions of this court hereinbefore cited and referred to, but also in conflict with its own decisions in *Robinson* v. *State,* 62 *Ga. App.* 355 (7 S. E. 2d, 758), *Palmer* v. *State,* 75 *Ga. App.* 789 (44 S. E. 2d, 567), *Wright* v. *State,* 76 *Ga. App.* 483, 488 (46 S. E. 2d, 516), and *Chambers* v. *State,* 76 *Ga. App.* 269, 270 (45 S. E. 2d, 724), and is therefore reversed.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*