## 35440. PILCHER *v.* THE STATE.

DECIDED JANUARY 21, 1955.

*Grady Gillan, W. O. Cooper,* for plaintiff in error.

*O. L. Long, Solicitor,* contra.

TOWNSEND, J. 1. Special grounds 2, 3, 4, and 5 of the amended motion for new trial deal with the introduction into this case of previous lottery transactions of the defendant. Error is assigned in special ground 2 on the failure of the court to declare a mistrial on motion of the defendant upon the following remark of the solicitor-general in his opening argument: "I

expect to prove during the progress of this case, the State also expects to prove by competent witnesses, that Mr. Pilcher has been engaged in the 'bug' business in 1947, 1949, and also 1950. We expect to prove that he was arrested in Peach County in 1950 in company with Billy Chapman and had in his possession 'bug' tickets."

In the 3rd and 4th special grounds error is assigned on the admission of testimony tending to prove that the defendant had been found with lottery paraphernalia in 1947 and 1949, dates 6 and 4 years previous to the transaction for which he was on trial and in no wise connected therewith. In special ground 5 error is assigned on the overruling of objections to testimony that in 1950 the defendant and one Billy Chapman were arrested while riding in the front seat of their automobile, and a lottery case was made against them based upon the discovery by the arresting officers of a sack containing 10 or 12 notebooks with yellow and onion-skin sheets of paper, which notebooks were completely blank. There was no evidence as to any proceeding on this occasion subsequent to the arrest. Billy Chapman, who figured in the 1950 transaction, was the same person identified by witnesses in the present case as a "runner" who would pick up packages of tickets from other persons and bring them to the Pilcher residence.

In *Bacon* v. *State*, 209 *Ga.* 261 (71 S. E. 2d 615), the Supreme Court clearly restated the rule that, "on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." In *Walker* v. *State*, 86 *Ga. App.* 875, 877 (72 S. E. 2d 774), it is held: "Where there has been a flagrant violation of this rule and where the fact that the defendant had previously been convicted of a similar offense has been erroneously placed before the jury in a manner such as here, the grant of a mistrial is proper and required." See also *Rosborough* v. *State*, 209 *Ga.* 362 (72 S. E. 2d 717), and cases cited in the dissenting opinion of *Hodges* v. *State*, 85 *Ga. App.*

617, 622 (70 S. E. 2d 48), which dissent was approved in *Bacon* v. *State,* supra.

It follows from the above:

(a) Special grounds 3 and 4 are meritorious and require a reversal of this case.

(b) As to special ground 5, whether there are sufficient circumstances showing an association in the lottery business between the defendant and Billy Chapman at the time of and for a period of time prior to the time of the arrest of the defendant in this case, to authorize the introduction of evidence showing these men to be jointly engaged in the lottery business some three years prior to the time of the defendant's arrest in this case, is not decided, because the evidence of the arrest of the defendant and Billy Chapman in Peach County shows no connection with the lottery business. It fails to show that any illegal act connected with lottery enterprises took place in 1950, the only evidence being that the two men were arrested on the basis of being together while in possession of a package of blank notebooks, and there was no proof that such notebooks were more likely to be used for purposes of maintaining a lottery than for any of the myriad other purposes to which a blank notebook may be put. Therefore, testimony as to the arrest, without testimony showing that the two men were actually engaged in the same illegal enterprise for which the defendant was put on trial in this case, was irrelevant and prejudicial.

(c) As to special ground 2, the assignment of error on the denial of the motion for a mistrial because of the remark of the solicitor-general is also meritorious. It may frequently be equally as harmful to inform the jury that it is intended to prove certain facts which have no proper place in the trial as to actually place evidence of such facts in the record. In either event, the jury is informed of the past criminal record of the defendant. Where evidence of previous criminal transactions does not fall under one of the well-recognized exceptions to the general rule cited in the cases heretofore set out, it leads to an unfair trial, and this is true whether the jury gains the information from matter introduced in evidence or from statements by counsel as to matters not in evidence. Code § 81-1009 provides: "Where counsel in the hearing of the jury make statements of

prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." While technically this Code section applies to argument by counsel on matters not in evidence, the same harm results if counsel makes the statement that he expects to prove patently inadmissible matters before the introduction of evidence. In such cases, therefore, it is as much the duty of the court upon objection made to rebuke counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds, or to grant a motion for mistrial. Here, instead, the trial court not only failed in this respect, but subsequently permitted the introduction of the evidence. Accordingly, a reversal is demanded.

2. As the case is to be tried again, the general grounds of the motion for new trial and the remaining special grounds are not passed upon.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*