18908. MOSLEY *v.* THE STATE.

MOBLEY, Justice. 1. Evidence on the trial of this case of the defendant charged with rape, showing that he raped another woman in the same city approximately four and two-thirds months after the offense for which he was on trial, and had overcome and accomplished the rape of his victims by a common method, was admissible for the purpose of identification and showing the state of mind, plan, motive, and scheme of the defendant, such as would constitute an exception to the general rule that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the defendant has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible. *Dorsey* v. *State,* 204 *Ga.* 345 (2) (49 S. E. 2d 886), and cases cited; *Biegun* v. *State,* 206 *Ga.* 618 (1) (58 S. E. 2d 149).

2. The defendant's rights were not prejudiced by the court's instruction to the jury, to the effect that evidence as to the commission of another crime had been admitted "insofar only as it might tend to illustrate the defendant's state of mind"; and since the charge was not otherwise erroneous, no ground for a new trial is shown by reason of this charge. *Dorsey* v. *State,* supra.

3. The general grounds of the motion for new trial having been expressly abandoned by counsel for the defendant during the oral argument before this court, the trial court did not err in denying the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., and Head, J., who dissent.*

ARGUED MARCH 15, 1955—DECIDED APRIL 11, 1955—
REHEARING DENIED MAY 11, 1955.

*Clyde W. Henley, William Hall,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank S. French, Charlie O. Murphy, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.