## 36491. WARREN *v.* THE STATE.

Decided January 22, 1957—Rehearing denied February 6, 1957.

*Gary Hamilton, Bert Garstin, Vaughn Terrell,* for plaintiff in error.

*Chastine Parker, Solicitor-General,* contra.

Townsend, J. ■ The assault upon which the indictment was predicated was alleged to have occurred in July, 1956. Error is assigned in special ground 1 on the admission of testimony by the same witness that on the previous September the defendant had taken her into his bed and had sexual intercourse with her, on the ground that it showed a separate and distinct criminal offense not charged in the indictment. In special ground 2 error is assigned for the same reason on a charge of the court to the effect that evidence of other crimes not set out in the bill of indictment was submitted not for the purpose of establishing guilt of such

other crimes but solely for the purpose of corroborating the testimony of the witness, the fact of corroboration being for the jury; that the State contends it is a circumstance to be considered in showing whether or not a motive or scheme existed on the part of the defendant, and such testimony is admitted solely on the question of whether or not it shows such motive or scheme or tends in any way to connect the defendant with the offense charged in the indictment, this being exclusively for jury determination; that the defendant is on trial for the offense charged in the indictment and for no other offense; that where knowledge, motive, intent, good or bad faith or other matters dependent upon state of mind are involved as material elements of the offense charged, evidence of similar conduct with reference to other transactions is admissible only insofar as it may tend to illustrate the defendant's state of mind on the subject involved.

(a) In crimes involving sexual offenses, evidence of similar previous transactions is admissible "to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged." *McMichen* v. *State,* 62 *Ga. App.* 50 (7 S. E. 2d 749). See also *Graham* v. *State,* 86 *Ga. App.* 896 (73 S. E. 2d 46) and citations. Under these authorities, evidence of previous commission by the defendant of the offense of rape on the witness was admissible to show motive and the intent of the defendant on the occasion in question in leading the little girl into the bedroom, placing her on the bed, and doing other acts preparatory to, but less than, the offense of rape.

(b) Although the *McMichen* case, supra, refers to evidence of other offenses as corroborative of the testimony of the victim in the sense that it is testimony by other witnesses which serves to corroborate that of the chief witness, and although testimony by the victim in this case that the defendant had previously raped her is not corroborative in this sense, the charge was not harmful to the defendant. The court left the question of corroboration exclusively to the jury, and the testimony of a previous act of the defendant was, in a literal sense, corroborative of the conclusion of the witness that the defendant intended to rape her on the second occasion.

(c) Nor does the fact that the previous attack occurred some

10 months before constitute it as too remote in point of time. See *Mosley* v. *State*, 211 *Ga.* 611 (87 S. E. 2d 314) ; *Biegun* v. *State*, 206 *Ga.* 618 (1) (58 S. E. 2d 149). These special grounds are without merit.

■ "No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt." Code § 27-2508. *Rich* v. *State*, 160 *Ga.* 513 (128 S. E. 666) and similar cases holding that a defendant cannot be convicted on an indictment charging him with assault with intent to rape when the evidence shows without dispute that the rape was in fact completed were decided under the terms of this Code section and mean simply that where the offense charged as attempted is in fact completed, a conviction for the attempt will not lie as it is merged in the completed offense. The evidence in the present case shows without dispute that the attempt of July 6th was only an attempt, and the victim was not raped on that date, the time charged in the bill of indictment. The defendant was not being tried for a completed rape of the previous September and could not have been convicted for that offense. Accordingly, special ground 3 which contends that the conviction was unlawful because the evidence showed the commission of the crime of rape on another date is without merit.

■ The testimony of the victim, an 11-year-old child, was clear and concise and was to the effect that her uncle pulled her into the bedroom, pushed her down on the bed, opened his pants and got on her, and that she ran out of the house screaming with the younger children following her. This was confirmed by the testimony of a neighbor who saw the defendant enter and leave the house, heard the children screaming, and was told by the defendant that he "had scared them nearly to death." A medical witness testified to the physical condition of the child, which was consonant with her having had sexual relations at some previous time which he could not determine, this testimony being corroborative of the victim's statement that the defendant had raped her

82

some months before. The evidence as a whole authorized the verdict of guilty.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*