## 37940. DAWSON *v.* THE STATE.

TOWNSEND, Judge. Richard Dawson was indicted and tried in the Superior Court of Fulton County on a charge of assault with intent to murder, and was found guilty of shooting at another. The motion for a new trial, the denial of which is assigned as error, presents the single issue of whether it was error to allow the State to prove that immediately after the defendant shot at the prosecutor, his companion assaulted two witnesses to the shooting, over the objection that such evi-

dence was irrelevant and constituted a separate criminal transaction.

The testimony showed that Dawson, the defendant, was employed by a bonding company to locate one George Dillard who was allegedly a bond-jumper; that the companion asked for a ride home with him and accompanied him; that the defendant asked several persons, including the prosecutor, where Dillard was located; that about two o'clock in the morning the defendant again came upon the prosecutor turning into his home from the sidewalk and called to him to come over to defendant's car, and on the prosecutor's refusal, the defendant shot him; that immediately upon this happening the companion jumped out of the car, went up to two other persons who happened to be passing by, asked them where Dillard was, and, on not being informed, assaulted them with his fists.

A conspiracy to do an unlawful act may be shown by circumstantial as well as direct evidence. *Thomas* v. *State,* 56 *Ga. App.* 381 (192 S. E. 659); *Miller v. State,* 176 *Ga.* 825 (169 S. E. 33). The actions of the defendant's companion occurring at substantially the same time as the assault for which the defendant was on trial were admissible for the purpose of showing that the defendant and his companion were on the same mission and acted in concert, all of which tended to show an unlawful agreement between them to use force in order to compel the residents in the vicinity to disclose the whereabouts of the person for whom the defendant was searching. The two acts were so nearly simultaneous in point of time as to form a part of the res gestae of the occurrence. Accordingly, the testimony was not objectionable as being irrelevant or as forming a separate and distinct criminal transaction under the rule laid down in *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615).

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED OCTOBER 15, 1959.

*Frank W. Brandon,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank S. French, Eugene L. Tiller,* contra.