## 42611. DAVIS v. THE STATE.

Submitted February 7, 1967—Decided March 2, 1967.

*Cook & Palmour, A. Cecil Palmour,* for appellant.
*Robert G. Walther, Solicitor,* for appellee.

JORDAN, Judge. ■ As defined by the Code, specific intent is an essential element of a "Peeping Tom" misdemeanor, in that it must appear that the accused was on or about the premises of another for the purpose, i.e., intention, of spying upon or invading the privacy of another, or of doing acts which tend to invade the privacy of another. *Code* §§ 26-2001, 26-2002. The State offered testimony about the 1964 offense for the sole purpose of showing the intent with which the accused acted, or, as later stated, "to show the intent with which the accused acted on the night of this occurrence, the past plans of the accused, and to show specifically the motive, the scheme, and to disclose the intent with which the accused acted." The record of conviction, based on a' plea of guilty, was offered for the same purpose. The evidence of the previous offense is unrelated to the alleged present offense except that it occurred in the same general vicinity under somewhat similar circumstances near the home of the accused. At the time the evidence was offered, the State had already established the accused's presence on the premises of the prosecutor of the present offense, although the accused later established an alibi by his testimony, and that of his wife, that he was at home in bed. The trial court in charging the jury limited consideration of the evidence of the previous offense except "so far as it may shed light upon the purpose of defendant's presence on the premises of the prosecutor" if the jury determined as a fact his presence at the scene of the offense.

We are thus faced with the issue of whether evidence of the commission of the same offense some two years previously may be considered by the jury in determining the specific intent of the accused in connection with the present offense, in the event the jury chose to believe that the accused was the person seen peeping through a window at the Carroll home. This

issue is by no means novel to the appellate courts of this State, and in numerous cases the courts have approved the introduction of evidence of previous offenses to show intent as one of the exceptions to the general rule of exclusion. Both the general rule and the recognized exceptions are specific applications of the rule of relevancy as stated in *Code* § 38-201. In view of the 1952 opinion of the Supreme Court in *Bacon v. State*, 209 Ga. 261 (71 SE2d 615), however, earlier decisions which tended to liberalize the exceptions, including those with respect to intent, are of doubtful value as precedents. In the *Bacon* case the accused was charged with burglary, and the trial court admitted evidence of three verdicts of guilty on accusations of attempted burglary, and three pleas of guilty on accusations of burglary. In reversing the divided holding of the Court of Appeals (*Bacon v. State*, 85 Ga. App. 630 (70 SE2d 54)) to the effect that evidence of the prior offenses was admissible to show an intent to steal, Justice Hawkins reiterated and applied the general rule, while recognizing that under the test of logical relevancy there are exceptions. *Bacon v. State*, 209 Ga. 261, supra. This is clearly and concisely summarized in the headnote: "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." In the body of the opinion he stated that, "to hold . . . that evidence of other offenses is always admissible to show intent, whether or not there be any logical connection between them and the case on trial, would be to abolish the general rule, and to establish the exception as the general rule without any exception thereto."

We conclude that the intent of the accused on the occasion of the offense some two years previously, as shown by the testimony of a witness who identified the accused as the person present on her premises, and as shown by his plea of guilty to the offense, was not admissible as evidence of the specific

intent of the accused in respect to the present offense, or, stated otherwise, as evidence from which a logical inference may be drawn that he acted with substantially the same intent at the time of the second offense. When the fact that the accused has previously been convicted of a similar offense has been erroneously placed before the jury the grant of a mistrial is proper and required. *Pilcher v. State,* 91 Ga. App. 428 (85 SE2d 618); *Walker v. State,* 86 Ga. App. 875, 877 (72 SE2d 774).

Although the State contended at the trial that the offense is in the same category as a sex offense, and that the act is motivated by a sex drive, and the evidence for the State does show that the scantily-dressed daughter of the accuser saw the accused peeping through a window into a room where she was present, with her father and mother, the accusation alleges that the accused was spying upon and invading the privacy of the father, and the offense as defined by the Code, supra, does not confine itself to an offense motivated by a sex drive. We do not consider the offense as charged in the present case as a sex offense, but even if it were it would not require a result in the present case different from that reached herein, under the rule as stated in the *Bacon* case, supra. See in this connection *McMichen v. State,* 62 Ga. App. 50, 53 (7 SE2d 749), decided before the *Bacon* case, and *Spinks v. State,* 92 Ga. App. 878 (90 SE2d 590).

■ In view of the foregoing which controls further disposition of the case we regard the issue raised by the third enumerated error as moot and as presenting a situation unlikely to occur in the event of another trial, eliminating the necessity for a ruling thereon.

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*