42654.   SLOAN v. THE STATE.

ARGUED MARCH 7, 1967—DECIDED MAY 25, 1967—
REHEARING DENIED JUNE 12, 1967—

*Sidney T. Schell, Harry S. McCowen,* for appellant.

*Lewis R. Slaton, Solicitor General, George K. McPherson, J. Walter LeCraw, John W. Stokes,* for appellee.

BELL, Presiding Judge. As the majority view the evidence objected to in this case, there was no error in its admission. The single enumeration protests only *one of a series of transactions of a similar nature* appearing in the transcript. Evidence of the defendant's previous indictment and conviction, the admission of which is challenged here, when coupled with the other similar transactions as each appears in the preceding factual summation, has some logical connection with the counts of the indictment under which the defendant was tried. Each of the counts of the

indictment involved a species of larceny after trust. Each of the transactions admitted in evidence including the one questioned, were of the same inherent nature, reasonably connected in time, and thus were admissible as bearing upon the defendant's intent. "While it is a general rule that upon the trial of a person for a criminal offense, other and distinct criminal transactions cannot be given in evidence against him, yet, according to the weight of authority, evidence of other representations or transactions may be received, as tending to show motive or intent, when the transactions are so connected in time and so similar in their other relations that the same motive may reasonably be imputed to all." *Farmer v. State,* 100 Ga. 41, 43 (2) (28 SE 26); *Shelly v. State,* 107 Ga. App. 736 (3) (131 SE2d 135). "Intent being one of the essential elements of the crime charged in an indictment for larceny after trust, evidence relating to other similar transactions is admissible, under the exceptions to the general rule, where it tends to prove intent." *Farlow v. State,* 59 Ga. App. 881, 882 (2 SE2d 500); *Maynard v. State,* 47 Ga. App. 221 (1) (170 SE 265); *Claughton v. State,* 50 Ga. App. 398 (1) (178 SE 327); *Conley v. State,* 50 Ga. App. 404 (1) (178 SE 313).

In light of the holding here, we deem it advisable to comment upon the recent case of *Davis v. State,* 115 Ga. App. 338 (154 SE2d 462). *Davis* is manifestly correct in its judgment of reversal since the transcript there contained only *one* other incident which under the facts of that case was improperly admitted. Under those circumstances the case of *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) was applicable. However, *Davis* contains obiter which misconstrues *Bacon* and practically attributes to the latter the effect of eliminating the exception to the general rule and of overruling all precedents which have applied the exception. As the majority comprehends *Bacon,* the Supreme Court expressly recognized the exception to the general rule but on the facts of that case held simply that the general rule, not the exception, governed. There the Supreme Court cautioned against elimination of the general rule by a too liberal application of the exception. In this case the dissent (as is true of the obiter in *Davis*) would do the converse by eliminating the exception by a too strict application of the general rule.

*Judgment affirmed. Felton, C. J., Hall, Eberhardt, Quillian and Joslin, JJ., concur. Jordan, P. J., Pannell and Deen, JJ., dissent.*

JORDAN, Presiding Judge, dissenting. In the recent case of *Davis v. State,* 115 Ga. App. 338, supra, we followed the manifest intent of the Supreme Court in *Bacon v. State,* 209 Ga. 261, supra. We should have followed it in this case.

The majority opinion states that *Davis* "contains obiter which misconstrues *Bacon.*" This criticism is hardly justified in light of the fact that we quoted the exact words of the headnote in *Bacon* and a quote from the body of the opinion, concluding that earlier decisions which tended to liberalize the exception to the general rule are of doubtful value as precedents. This conclusion seems fully justified in view of the fact that *Bacon,* supra, reversed the opinion of the Court of Appeals in *Bacon v. State,* 85 Ga. App. 630 (70 SE2d 54), which cited a number of previous cases upon which that result was based. It was pointed out that the opinion of the Court of Appeals not only conflicted with decisions of the Supreme Court, but also conflicted with many prior decisions of the Court of Appeals.

Mr. Chief Justice Russell pointed out in *Green v. State,* 172 Ga. 635 (158 SE 285), that "the rule that the character of a defendant in a criminal case cannot be put in issue or attacked has been gradually chiseled away and finally located in the shadow of other principles. . ." Justice Hawkins, speaking for the court in *Bacon,* served notice that the appellate courts are without power to repeal or destroy this basic rule by a too liberal application of the recognized exceptions.

That the evidence of the previous conviction in the present case shows a similar criminal transaction involving substantially the same intent as larceny after trust for which the accused was being tried does not per se render the evidence admissible. The *Bacon* case, supra, stands for the proposition that evidence of a wholly independent, separate, and distinct offense is inadmissible for the purpose of showing intent, absent any logical connection between the offense and the case on trial. In the present case the evidence discloses a separate although similar transaction in another county some *four years* previously. It has no logical

connection with the offenses for which the accused was on trial. For these reasons we do not consider the evidence admissible to show motive, scheme, or design.

As one writer recognized in 3 Mercer Law Review 52, "it is the intent and purpose of our law to try a man under the bill of indictment which brings him to trial—not for some malefaction which may have occurred many years ago."

I am authorized to state that Judges Pannell and Deen concur in this dissent.