### 44746. STAGGERS v. THE STATE.

HALL, Judge. Defendant appeals from a conviction for molesting a minor child.

1. The defendant enumerates as error the overruling of his plea of autrefois acquit upon the ground that he had been previously convicted of molesting the same minor child and that this court reversed this conviction by holding that the trial court erred in overruling the defendant's motion for new trial. *Staggers v. State,* 119 Ga. App. 85 (166 SE2d 411). The jeopardy provisions of the Georgia Constitution of 1945 (*Code Ann.* § 2-108) and the Constitution of the United States (*Code* § 1-805) do not prohibit a second trial on the same charge where the defendant has been successful in his motion for new trial in having the conviction set aside for want of sufficient evidence. *Staggers v. State,* 225 Ga. 581 (170 SE2d 430); United States v. Ball, 163 U. S. 662 (16 SC 1192, 41 LE 300).

2. Defendant enumerates as error the denial of his motion for mistrial on the ground that the court, in admitting evidence of prior, similar acts, allowed the State to place his character in evidence.

In May of 1967 defendant was arrested and charged with sexually molesting his own daughter, then age 14. At his second trial nearly two years later, the daughter testified to various acts which the defendant had committed with or upon her, beginning when she was about seven or eight years old and continuing until the time of his arrest. An older sister who was 19 years old at the time of defendant's arrest, was permitted to testify in detail concerning similar molesting by the defendant from the time she was seven years old until she ran away from home at age 15. Defendant initially objected to the admission of this evidence and moved for a mistrial at its completion, contending that the State thereby placed his character in evidence without his first putting it in issue.

Defendant's chief objection to the sister's testimony as to similar acts seems to be their remoteness in time from the acts for which he was tried. Of course, remoteness directly affects the logical connection between any two acts, and a logical connection is a basic requirement where an exception is sought to the general rule against admission of prior criminal offenses. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) ; *Pilcher v. State,* 91 Ga. App. 428 (85 SE2d 618) ; *Bond v. State,* 104 Ga. App. 627 (4) (122 SE2d 310).

However, remoteness is also relative. Five years would be too long where the similar offenses are possessing liquor, the opportunity for which arises any and every given day between; but where there is a five-year age difference between two daughters, the next opportunity to commit a similar offense will be five years away. We cannot say there was no logical connection between the defendant's molesting of his two daughters at exactly the same ages and over the same general period in their lives. The older sister's testimony is relevant to show defendant's intent, bent of mind or general plan to use his daughters to gratify his lust, passion and sexual desires (*Code Ann.* § 26-1301a), an element in the crime with which he was charged. *Suber v. State,* 176 Ga. 525 (168 SE 585) ; *Warren v. State,* 95 Ga. App. 79 (97 SE2d 194). See also Wigmore, Evidence, 3d. Ed. § 357; Agnor, 11

Encyclopedia of Georgia Law 289, § 33; *Sloan v. State*, 115 Ga. App. 852 (156 SE2d 177), certiorari denied 115 Ga. App. 852. While the headnote case of *Cox v. State*, 165 Ga. 145 (2) (139 SE 861), appears on its face to be contra, we do not consider it controlling in the instant case and note that it was distinguished by the Supreme Court in *Barkley v. State*, 190 Ga. 641, 642 (10 SE2d 32).

The trial court did not err in denying defendant's motion for a mistrial.

*Judgment affirmed. Bell, C. J., Eberhardt, Quillian and Whitman, JJ., concur. Jordan, P. J., Pannell, Deen and Evans, JJ., dissent.*

ARGUED SEPTEMBER 9, 1969—DECIDED DECEMBER 5, 1969— REHEARING DENIED DECEMBER 19, 1969—

*Henritze & Smith, Rees R. Smith*, for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Stephen A. Land, Tony H. Hight*, for appellee.

JORDAN, Presiding Judge, dissenting. I dissent from Division 2 of the opinion and would reverse for the reason that this case falls squarely within *Cox v. State*, 165 Ga. 145 (139 SE 861), where the Supreme Court held in an almost identical factual situation that evidence of similar acts with an elder sister was not an exception to the general rule and was erroneously admitted. The *Cox* case has been cited with approval many times, and relied upon in the leading case of *Bacon v. State*, 209 Ga. 261 (71 SE2d 615). The *Cox* case was merely distinguished upon its facts in *Barkley v. State*, 190 Ga. 641, 642 (10 SE2d 32), cited in the majority opinion, where the court held admissible evidence that the defendant, on trial for rape, had committed in concert with another man, the offense of rape upon other females in the same vicinity within a period of about a *month*, surprising and overcoming their victims by the same general method. The evidence in *Barkley* was not only relevant in point of time but tended to show a general scheme or modus operandi.

In the case under consideration the time element varies from 7 to 14 years prior to the date of trial. This court recently held in *Davis v. State*, 115 Ga. App. 338 (154 SE2d 462), that evi-

dence that the defendant in a "Peeping Tom" case had committed the same offense 2 years previously in the same general vicinity was not admissible as an exception to the general rule excluding evidence of previous offenses. For other cases where remoteness of time has barred such evidence see *Barber v. State,* 95 Ga. App. 763 (98 SE2d 575); *Waters v. State,* 80 Ga. App. 559 (56 SE2d 924); *Palmer v. State,* 75 Ga. App. 789 (44 SE2d 567); and *Brown v. State,* 109 Ga. App. 212 (135 SE2d 480). See also *Hunter v. State,* 45 Ga. App. 512 (165 SE 314), where it was held that evidence that a defendant on trial for committing an abortion had committed the same offense upon a different woman several years before the offense for which he was then on trial was inadmissible.

"It is a fundamental principle in our system of jurisprudence, intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial before an unbiased jury, that the general character of the defendant and his conduct in other transactions is irrelevant unless the defendant chooses to put his character in issue." *Bacon v. State,* 209 Ga. 261, 262, supra. Any attempt to further chisel away at this fundamental rule should be rejected by the courts.

I am authorized to state that Judges Pannell, Deen, and Evans concur in this dissent.