### 35631. STRICKLAND *v.* THE STATE.

CARLISLE, J. 1. "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused had committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrele-vant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615); and see particularly the dissenting opinion in *Hodges* v. *State,* 85 *Ga. App.* 617, 622 (70 S. E. 2d 48), which the writer of the present opinion suggests contains one of the most acute discussions and exhaustive compilations of the cases to be found of the general rule stated in the *Bacon* case together with all of its ramifications and exceptions, and which carries the approval of the Supreme Court.

2. Under an application of the principle of law stated in division 1 to the facts of the present case, in which the defendant is charged with the larceny of a dog, the trial court erred in admitting the testimony of a witness that the defendant had, approximately a year before the pres-

844

ent trial, been twice found in possession of the witness's dog, and that, although the defendant had on the second occasion been charged with the larceny of the dog, the case had been placed on the "dead docket." Proof of those two prior offenses in no way tended to establish the defendant's guilt of the present offense. The only similarity between the crimes is that they involve the larceny of dogs, and both owners of the dogs missed the dogs from their yards. This does not illustrate a common scheme or design in the commission of the offense; most dogs do stay in the yards of, or vicinity of, their masters' houses, and are missed when they leave or are taken from those places. The evidence, which was introduced over objection, does not illustrate any peculiar taking particularly attributable to the defendant in his alleged method of stealing dogs. The trial court, consequently, erred in denying the motion for a new trial, in which one of the grounds assigns error upon the admission of the evidence to which we have referred.

3. As the case must be remanded for a new trial, the general grounds of the motion for new trial are not considered; nor will we consider the remaining special ground, which was expressly abandoned by counsel for the defendant in his brief.

Judgment reversed. Gardner, P. J., and Townsend, J., concur.

DECIDED APRIL 15, 1955.

Ralph L. Crawford, for plaintiff in error.

Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson, Jr., Assistant Solicitors-General, contra.

