### 35911. SPINKS *v.* THE STATE.

DECIDED OCTOBER 13, 1955—REHEARING DENIED NOVEMBER 4, 1955.

*James M. Newsome, Orrin Roberts,* for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

GARDNER, P. J. ■ We do not pass on the general grounds since the evidence may not be the same should the case be tried again.

■ Special ground 1 assigns error because it is contended that the court erred in the following respect: "Hugh Malcom, a witness for defendant, was asked the following question: Mr. Pollock: 'You didn't know that he was charged with sodomy down there in Macon, did you?' Mr. Roberts: 'Now, Your Honor, until he shows that this man was convicted in Bibb County of that offense, he has no right to go into it.' The jury retired and the court said: 'As I understand it, the defendant wanted to show motive on the part of a group of people who wanted to get rid of the preacher, and for this reason this was being introduced, not to show something he was guilty of, but to show something that he was falsely accused of. Now if that explains motive and conduct, it is not hearsay testimony and normally becomes original evidence under our law. It is an exception under the rule. It was brought out under cross-examination by a State witness.' Mr. Roberts: 'We object to the solicitor-general, on the question of good character, insisting upon the witness answering as to whether he knew of a charge in 1949 in Bibb Municipal Court against the defendant, a similar offense, when he has knowledge of the fact that that warrant was dismissed for the lack of evidence and the man who started it has signed a libel to the effect there was no foundation for it that it should not in any way affect the opinion of a character witness who knew nothing about it.' The court: 'The objection is overruled. The ruling of the court is you might ask him if he had heard. The question—did you know? That imports the idea that it was true that such a thing did occur in Macon I think that goes beyond the rule, but I do hold that you have the right to ask—have you heard that such a charge was made.' The witness then testified: 'I had not heard it about the trouble in Macon until after the warrant was sworn out against him in this case. I have heard it since then after he was arrested. I am still saying his character is good after hearing these charges against him in Macon, I still believe he is a man of good character.' This ruling was followed with

practically all the character witnesses and movant respectfully contends that said ruling was error and harmful to defendant's cause." Counsel for the plaintiff cites in support of this contention *Bacon* v. *State,* supra. In *Strickland* v. *State,* 91 *Ga. App.* 843 (87 S. E. 2d 363) headnote 1 of *Bacon* v. *State,* supra, was quoted as follows: " 'On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused had committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other.' *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615)."

■ Special ground 2 complains because the court erred in refusing to give in charge the written request to charge as follows: "I charge you that good character is a substantive fact like any other fact tending to establish the defendant's innocence and out [ought] to be so regarded by the court and jury. No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury, and lead you to believe in view of the improbabilities that a person of such character would be guilty of the offense charged, that the other evidence in the case is false, or the witnesses mistaken. Evidence of good character is not admitted as a mere makeweight, but as evidence of a positive fact, and may of itself, by a creation of a reasonable doubt, produce an acquittal." It is pointed out that the word "out" is used in the request to charge, whereas it is quite clear that the word "ought" is meant. This will not likely occur on another trial. In view of the whole charge of the court, this special ground has no merit.

The court committed reversible error in admitting evidence as shown in special ground 1.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*